G.M. SIGNS, INC., Plaintiff-Appellee, v. KIRN SIGNS, INC., Defendant-Appellant.

Second District   No. 2—91—1227

Opinion filed July 10, 1992.

Cordell P. Schulten, of Lewis, Rice & Fingersh, of Clayton, Missouri, for appellant.

Michael A. Greenblatt, of Greenblatt & Greenblatt, of Waukegan, for appellee.

JUSTICE DOYLE delivered the opinion of the court:

In this breach of contract action, defendant, Kirn Signs, Inc., appeals the trial court's entry of judgment by default for plaintiff, G.M. Signs, Inc. Defendant's sole argument on appeal is that the Illinois court lacked personal jurisdiction over defendant, a Missouri corporation. We hold that the trial court properly concluded that defendant was amenable to process under the Illinois "long-arm" statute (Ill. Rev. Stat. 1989, ch. 110, par. 2—209).

Plaintiff, an Illinois corporation with its sole place of business in Round Lake, manufactures signs and sells them wholesale. Defendant, whose business facilities are located entirely outside of Illinois, manufactures, erects and installs signage.

On December 7, 1990, plaintiff filed its complaint in the circuit court of Lake County. According to the complaint, plaintiff had manufactured certain merchandise at defendant's special insistence and request. Defendant received but did not pay for the goods.

Defendant entered a special appearance (Ill. Rev. Stat. 1989, ch. 110, par. 2—301) to contest personal jurisdiction. Defendant argued that its mere purchase of goods from the Illinois plaintiff did not establish sufficient contacts between defendant and the forum State where defendant was not incorporated or licensed to do business in Illinois, had no physical presence in Illinois, negotiated the contracts at issue by telephone and mail, and received and paid for the goods outside of Illinois.

James A. Hobbs, defendant's president, submitted an affidavit stating the following. Defendant did not have and never has had any office, bank account, mailing address, telephone listing or other business facility in Illinois. Defendant owned no property in Illinois and had no affiliated entities engaged in business in Illinois. Defendant first ordered merchandise from plaintiff in 1986. Defendant made most of its purchase orders via telephone, with occasional mail orders. Plaintiff delivered all the goods to defendant in Missouri, per the par-

ties' agreement. Defendant tendered all of its payments upon delivery in Missouri or by mail from Missouri. Hobbs visited plaintiff's place of business once in the last five years but did not enter into any agreements or place any orders while there. Defendant had no other contacts with Illinois that were related to plaintiff's suit.

In response, plaintiff submitted the affidavit of its president, George Matiasek, stating the following. Plaintiff did not solicit business through salesmen or advertising but depended solely on word of mouth to obtain new customers. Late in 1986, James Hobbs telephoned Matiasek and expressed a desire for a meeting to discuss a future business relationship between the parties. Early in 1987, Hobbs visited plaintiff's place of business in Round Lake. In this day-long visit, Hobbs observed plaintiff's manufacturing facilities, received plaintiff's catalog, and "discussed all possible aspects of the two companies doing business." Toward the end of the visit, Hobbs told Matiasek something to the effect that defendant would be doing "a lot of work" with plaintiff.

Matiasek stated further that the parties subsequently did much business. Defendant initiated each transaction by phone call or written purchase order. At defendant's specific requests, plaintiff manufactured signs and delivered them to defendant "f.o.b. Round Lake, Illinois."

The trial court denied defendant's motion to dismiss and later entered a default judgment for plaintiff. Defendant appeals, raising only the issue of personal jurisdiction.

A plaintiff has the burden of establishing a valid basis for jurisdiction over a nonresident defendant. (*Poplar Grove State Bank v. Powers* (1991), 218 Ill. App. 3d 509, 517.) Plaintiff asserts that personal jurisdiction over defendant exists under section 2—209(a)(1) of the Code of Civil Procedure, which states as follows:

"(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this State." Ill. Rev. Stat. 1989, ch. 110, par. 2—209(a)(1).

Subsection (c) of this section, effective September 7, 1989, enables an Illinois circuit court to exercise *in personam* jurisdiction on "any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." (Ill. Rev. Stat. 1989, ch.

110, par. 2—209(c).) Although the transaction in question is alleged to have occurred before the effective date of this procedural amendment, defendant does not deny that the amendment applies to this litigation, which was initiated after that date. See *Ogdon v. Gianakos* (1953), 415 Ill. 591, 597; *Ores v. Kennedy* (1991), 218 Ill. App. 3d 866, 870-72.

■ As the language of subsection (c) states (and as defendant appears to concede), an Illinois court may exercise personal jurisdiction over any nonresident as long as the exercise of such jurisdiction offends neither Federal nor State guarantees of due process. (*People ex rel. Hartigan v. Kennedy* (1991), 215 Ill. App. 3d 880, 887-90.) Federal due process requires that the defendant have such "minimum contacts" with the forum State that the exercise of jurisdiction is consistent with traditional notions of fair play and substantial justice. (*International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158.) Our supreme court has held that while the standards of Federal due process may delineate " 'the outer limits beyond which a State may not go to acquire jurisdiction over nonresidents' " (*Rollins v. Ellwood* (1990), 141 Ill. 2d 244, 271, quoting *Cook Associates, Inc. v. Lexington United Corp.* (1981), 87 Ill. 2d 190, 197), Illinois courts must ultimately look to the meaning of the long-arm statute and to the due process guarantee of the Illinois Constitution. (Ill. Const. 1970, art. I, §2.) (*Rollins*, 141 Ill. 2d at 271-75.) Our statute and State constitution may restrict the power of Illinois courts to bring nonresidents before them to a greater extent than do the Federal due process clause and the "minimum contacts" test recognized by the Federal courts. (*Rollins*, 141 Ill. 2d at 271-72.) Under State due process guarantees, it must be fair, just and reasonable to require a nonresident to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois. *Rollins*, 141 Ill. 2d at 275.

Defendant argues that mere purchases from an Illinois plaintiff will not support jurisdiction over a nonresident and that its other contacts with Illinois were merely fortuitous and incidental; therefore, plaintiff has not established that defendant had the requisite "minimum contacts" with Illinois.

Plaintiff responds that defendant's contacts with Illinois were not merely incidental but extensive and systematic. Moreover, plaintiff notes, defendant initiated these contacts and thus purposefully created an ongoing business relationship with an Illinois corporation. Thus, according to plaintiff, it is fair to bring defendant into an Illinois court to enforce the obligations defendant knowingly undertook. We agree.

In *Burger King Corp. v. Rudzewicz* (1985), 471 U.S. 462, 85 L. Ed. 2d 528, 105 S. Ct. 2174, the plaintiff, a Florida corporation, brought suit in a Florida court against a Michigan resident-franchisee. In applying Federal due process standards to allow the Florida court to exert jurisdiction over a nonresident who had never physically entered the forum State, the Court held that the defendant's contacts with Florida were sufficient to make it foreseeable that the defendant might reasonably be haled into court there.

Acknowledging that an individual's contract with an out-of-State party alone does not automatically establish the requisite minimum contacts, the Court stressed that more was present there. By taking the initiative to negotiate a long-term franchise agreement with the plaintiff, the defendant reached out beyond his home State and purposefully availed himself of the benefits of a substantial and ongoing relationship with the Florida plaintiff. Hence his ties to the forum State were hardly "random," "fortuitous," or "attenuated." *Burger King*, 471 U.S. at 478-80, 85 L. Ed. 2d at 544-46, 105 S. Ct. at 2185-86.

The Court acknowledged that the defendant had little or no physical presence in Florida but minimized the significance of this fact in view of modern commercial practice under which much business is transacted across State lines by wire or mail. The fact that the defendant had no physical presence in Florida was unimportant as long as he purposefully directed his efforts toward residents of the forum State. *Burger King*, 471 U.S. at 476, 85 L. Ed. 2d at 543, 105 S. Ct. at 2184.

In *Chalek v. Klein* (1990), 193 Ill. App. 3d 767, which was decided prior to *Rollins*, we applied *Burger King* to clarify when Illinois courts may exercise personal jurisdiction over nonresidents who purchase goods from Illinois residents. We adopted the approach of several other jurisdictions in distinguishing between "passive purchasers," who merely place orders at the seller's price as stated in advertising or other forms of solicitation, and "active purchasers," who dictate or vigorously negotiate contract terms or inspect production facilities. This approach, we emphasized, has the virtue of protecting both the due process rights of the ordinary mail order purchaser and the legitimate interests of "sellers who manufacture custom-built products according to a nonresident buyer's specifications." (*Chalek*, 193 Ill. App. 3d at 773.) Although our decision in *Chalek* must now be considered in conjunction with *Rollins*, which shifts the focus to our State due process requirements, we believe

that it continues to provide a useful approach in determining whether personal jurisdiction exists over nonresident purchasers.

Among the cases cited favorably in *Chalek* is *Yankee Metal Products Co. v. District Court* (Okla. 1974), 528 P.2d 311. There, the nonresident defendant initiated negotiations with the forum State plaintiff. These negotiations culminated in contracts for the sale of merchandise that the plaintiff custom-built for the nonresident defendant. The Oklahoma Supreme Court held that the nonresident defendant was an "active purchaser" who had no just cause for complaint when the plaintiff sued in an Oklahoma court. See also *Heritage House Restaurants, Inc. v. Continental Funding Group, Inc.* (7th Cir. 1990), 906 F.2d 276, 283-84 (defendant's lack of physical presence in forum State unimportant where defendant solicited and obtained ongoing business relationship with forum State plaintiff); *Leonardo's, Inc. v. Greathall, Ltd.* (N.D. Ill. 1989), 714 F. Supp. 949, 953-54 (nonresident company that actively and successfully solicited forum State residents to work at out-of-State fair was subject to jurisdiction of forum State court); *Schartner v. Northwest International Equipment Co.* (E.D. Wis. 1988), 694 F. Supp. 1364 (nonresident seller who solicited and negotiated sales contract with resident plaintiff was amenable to process under forum State's long-arm statute).

■ In the present case, the affidavits and pleadings establish that defendant actively initiated and negotiated an ongoing commercial relationship with plaintiff, an Illinois seller. Plaintiff did not advertise or solicit defendant's business. Defendant made the initial contact and, after traveling to Illinois to inspect plaintiff's manufacturing facilities, discussed a future business relationship. Thereafter, the parties undertook a commercial arrangement which endured several years and involved numerous orders requiring plaintiff to custom-produce the products to defendant's detailed specifications. Defendant placed the order for the products which are the subject of the particular transaction in controversy.

We do not consider defendant to be in the category of an ordinary mail order consumer who merely orders a stock item of merchandise from another State. On the contrary, defendant was an "active purchaser" who deliberately reached out beyond its home State to avail itself of the benefits of commercial ties with an Illinois company. Its contacts with the forum State cannot reasonably be characterized as random, fortuitous, or attenuated. Defendant's actions should have enabled it to predict that it might be subject to the jurisdiction of this State. Plaintiff has a legitimate interest in using Illinois courts to en-

force the obligations that defendant actively and knowingly undertook.

Applying the requirements of the long-arm statute and the restrictions of the State due process clause, we conclude that the exercise of jurisdiction here was fair, just and reasonable under the relevant circumstances. We further hold that plaintiff met its burden of showing that defendant had sufficient contacts with Illinois to satisfy Federal due process requirements.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

INGLIS, P.J., and DUNN, J., concur.