AUTOTECH CONTROLS CORPORATION, Plaintiff-Appellant, v. K.J. ELECTRIC CORPORATION, Defendant-Appellee.

First District (3rd Division)   No. 1—92—3551

Opinion filed December 29, 1993.

Chuhak & Tecson, P.C., of Chicago (Cary S. Fleischer and Stephen A. Glickman, of counsel), for appellant.

Pope & John, of Chicago (William K. Bass and Michael I. Leonard, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Autotech Controls Corporation (Autotech), filed this action against defendant, K.J. Electric Corporation (K.J.), to collect invoice amounts due for goods and services provided by plaintiff to defendant. Defendant filed a motion to quash service of process and to dismiss plaintiff's verified complaint. The trial court granted defendant's motion. Plaintiff now appeals. We reverse and remand.

The sole issue for review by this court is whether the trial court erred in dismissing the cause for lack of personal jurisdiction under section 2—209 of the Code of Civil Procedure (Long-Arm statute) as amended (Ill. Rev. Stat. 1989, ch. 110, par. 2—209).

Plaintiff is an Illinois corporation in the business of manufacturing and distributing circuit boards. On June 1, 1987, plaintiff and defendant entered into a distributor agreement. The distributor agreement was a contract for the sale of plaintiff's products to defendant for distribution to defendant's customers. The distributor agreement provided that any product units could be returned by defendant to plaintiff for repairs in Illinois within one year of the original purchase date. The distributor agreement also provided that defendant could return its remaining inventories of product units to plaintiff for a cash refund in the event that plaintiff cancelled the contract.

Defendant ordered product units from plaintiff pursuant to the distributor agreement between June of 1987 and January of 1990, by placing telephone purchase orders and faxing written purchase orders to plaintiff in Illinois. Defendant paid plaintiff for approximately $2^{1}/2$ years for the product units that it purchased by mailing checks to plaintiff in Illinois. Defendant distributed plaintiff's circuit boards to its New York customers.

From approximately March 30, 1990, through February of 1991, plaintiff provided materials and labor to defendant pursuant to the request of defendant and written purchase orders submitted by defendant for which plaintiff billed defendant $16,819. Defendant refused to pay the entire balance due.

On May 11, 1992, plaintiff filed a verified complaint against defendant to obtain an invoice balance due of $16,666. The complaint alleged that Illinois courts have jurisdiction over defendant pursuant to the Illinois Long-Arm statute (Ill. Rev. Stat. 1991, ch. 110, par. 2—209), because defendant contracted to distribute plaintiff's circuit boards from Illinois and transacted business in the State of Illinois. The complaint further alleged that plaintiff provided materials and labor to defendant and that defendant failed to pay for the same.

A summons issued by the circuit court of Cook County and the

verified complaint were personally served on Kenneth Jacobs in his capacity as president of K.J., by a deputy sheriff of Onondaga County, New York, on May 21, 1992.

On June 3, 1992, K.J. filed a special and limited appearance. (Ill. Rev. Stat. 1991, ch. 110, par. 2—301.) On June 18, 1992, defendant filed a motion to quash service of process and dismiss plaintiff's verified complaint. In support of its motion, defendant attached its special and limited appearance; plaintiff's verified complaint; Jacobs' affidavit; the distributor agreement; and a memorandum in support of its motion. In its memorandum, defendant argued that the 1989 amendments to section 2—209(a) of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—209(a)), including section 2—209(a)(7) (Ill. Rev. Stat. 1989, ch. 110, par. 2—209(a)(7)), do not apply to this action.

On August 19, 1992, plaintiff filed its response to defendant's motion to quash and dismiss. In support of its response to the motion, plaintiff attached 36 pages of its sales department telephone call reports which reflected incoming calls to it in Illinois from defendant for the purchase of circuit boards; the sworn affidavit of Duane Lenz, controller of Autotech; and the distributor agreement. On August 25, 1992, in further opposition to the motion, plaintiff filed an additional list of over 100 telephone calls placed by defendant to it in Illinois.

On September 3, 1992, defendant filed a reply memorandum in support of its motion. In its reply memorandum, defendant again argued that the 1989 amendments to the Long-Arm statute do not apply to the present case.

On September 10, 1992, the trial court granted defendant's motion to quash service and dismiss plaintiff's verified complaint. This appeal followed.

We find that the trial court erred in dismissing plaintiff's complaint for lack of personal jurisdiction. In September of 1989, the Illinois General Assembly amended the Long-Arm statute by enacting Public Act No. 86—840, which added paragraphs (7) through (14) of subdivision (a) of section 2—209 and subsection (c) of section 2—209. (Pub. Act No. 86—840, § 1, eff. September 7, 1989, reprinted in 1989 Ill. Leg. Serv. 4069 (West 1989).) The amendments took effect immediately upon enactment. (Ill. Rev. Stat. 1989, ch. 110, par. 2—209; Ill. Ann. Stat., ch. 110, par. 2—209, Historical & Statutory Notes (Smith-Hurd 1983 & Supp. 1992).) This action was filed on May 11, 1992, nearly three years after the amendments took effect. Defendant argues that the amendments should not be applied retroactively to the present case. No retroactivity issue exists, however, since the service of process which defendant moved to quash occurred approximately three years after the amendments in question took

effect. It is therefore fundamental that the Long-Arm statute as amended applies to the present case.

■ The following relevant provisions of the Long-Arm statute, as amended, read as follows:

"§ 2—209. Act submitting to jurisdiction—process. (a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any such acts:

(1) The transaction of any business within this State;

\* \* \*

(7) The making or performance of any contract or promise substantially connected with this State;

\* \* \*

(c) A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." Ill. Rev. Stat. 1989, ch. 110, pars. 2—209(a)(1), (a)(7), (c).

See also Ill. Rev. Stat. 1991, ch. 110, pars. 2—209(a)(1), (a)(7), (c).

The amended Long-Arm statute now allows Illinois courts to assume personal jurisdiction over nonresident corporate defendants in causes of action arising from the making or performance of any contract or promise substantially connected with this State.

■ In the present case, the distributor agreement was a contract for the sale and distribution of products manufactured in Illinois by Illinois workers. Defendant ordered goods by telephone and fax, and it received and paid for goods pursuant to the distributor agreement. The distributor agreement provided that defendant could return products that it purchased from plaintiff to plaintiff for repairs and that the repairs were to be made in Illinois. The record shows that certain items were returned to Illinois, repaired by plaintiff in Illinois, and then shipped back to defendant in New York. The record therefore shows that defendant performed a contract substantially connected with Illinois. Thus, defendant is subject to the jurisdiction of this State pursuant to section 2—209(a)(7) of the Long-Arm statute (Ill. Rev. Stat. 1991, ch. 110, par. 2—209(a)(7)).

Jurisdiction over defendant is also proper under section 2—209(a)(1) of the Long-Arm statute (Ill. Rev. Stat. 1991, ch. 110, par. 2—209(a)(1)), which provides that a nonresident is subject to the personal jurisdiction of the courts of this State as to any cause of

action arising from the transaction of business in the State of Illinois. In *G.M. Signs, Inc. v. Kirns Signs, Inc.* (1992), 231 Ill. App. 3d 339, 344, 596 N.E.2d 212, 215, this court found that the trial court had personal jurisdiction over a defendant who transmitted purchase orders to an Illinois corporation via telephone and through written mail orders. *G.M. Signs, Inc.* is analogous to the present case, as defendant transacted business within this State by virtue of its numerous transmissions of purchase orders and purchases from plaintiff in Illinois. Therefore, jurisdiction over defendant was also proper under section 2—209(a)(1) of the Long-Arm statute (Ill. Rev. Stat. 1991, ch. 110, par. 2—209(a)(1)).

■ We are not persuaded by defendant's assertion that the trial court's exercise of jurisdiction over it would encroach upon its right to due process under the Federal and Illinois Constitutions. Federal due process requires that in order for a State court to have jurisdiction over a nonresident defendant, the defendant must have "certain minimum contacts with [the forum State] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " (*International Shoe Co. v. State of Washington* (1945), 326 U.S. 310, 316, 90 L. Ed. 95, 101-02, 66 S. Ct. 154, 158, quoting *Milliken v. Meyer* (1940), 311 U.S. 457, 463, 85 L. Ed. 278, 283, 61 S. Ct. 339, 342-43.) A court must consider three criteria in determining whether a trial court's exercise of jurisdiction over a nonresident satisfies Federal due process standards: (1) whether the nonresident defendant has minimum contacts within the forum State such that he has fair warning that he may be required to defend himself there; (2) whether the action arises out of the defendant's contacts with the forum State; and (3) whether it is reasonable to require the defendant to litigate in the forum State. (*Burger King Corp. v. Rudzewicz* (1985), 471 U.S. 462, 471-77, 85 L. Ed. 2d 528, 540-44, 105 S. Ct. 2174, 2181-84.) All of these requirements have been met in the present case.

First, defendant had fair warning that it may be required to defend itself in Illinois. The fair warning requirement may be satisfied by showing that defendant purposefully directed its activities at Illinois residents, reached out to create continuing relationships with the citizens, or purposefully derived benefits from the activities with Illinois. (*Burger King Corp.*, 471 U.S. at 472-77, 85 L. Ed. 2d at 540-44, 105 S. Ct. at 2182-85; *Ores v. Kennedy* (1991), 218 Ill. App. 3d 866, 872-73, 578 N.E.2d 1139, 1144.) Defendant's activities of maintaining the contractual relationship through its telephone and fax purchase orders is sufficient to satisfy due process requirements. See *Vishay Intertechnology v. Delta International Corp.* (4th Cir.

1982), 696 F.2d 1062, 1065-67 (due process requirements satisfied where nonresident directed calls or letters to forum residents on five occasions); *Brown v. Flowers Industries, Inc.* (5th Cir. 1982), 688 F.2d 328, 332-33 (due process requirements were satisfied where a nonresident initiated a single telephone call to a forum resident).

Second, this action arises out of defendant's contacts with an Illinois corporation. This is a collection suit against defendant to obtain money due and owing for labor and circuit boards which defendant ordered through numerous telephone and fax orders. Therefore, this action arises out of defendant's contacts with the forum State.

The third criterion for the preservation of defendant's right to Federal due process is also satisfied, as it is reasonable for our courts to require defendant to litigate in Illinois. A presumption of jurisdiction exists where the defendant has purposefully directed his activities at residents of the forum State. (*Burger King Corp. v. Rudzewicz* (1985), 471 U.S. 462, 472-77, 85 L. Ed. 2d 528, 540-44, 105 S. Ct. 2174, 2182-85.) Where such a presumption exists, the nonresident defendant is required to present a compelling case that the presence of other considerations would render jurisdiction unreasonable. (*Burger King Corp.*, 471 U.S. at 472-77, 85 L. Ed. 2d at 540-44, 105 S. Ct. at 2182-85.) When determining the reasonableness of requiring a defendant to litigate in the forum State, a court should consider the forum State's interest in resolving the dispute, the plaintiff's interest in obtaining relief, and the interest of several States, including the forum State, in the efficient judicial resolution of the dispute and the advancement of substantive social policies. *Wiles v. Morita Iron Works Co.* (1988), 125 Ill. 2d 144, 152, 530 N.E.2d 1382, 1385-86; *Ores v. Kennedy* (1991), 218 Ill. App. 3d 866, 874, 578 N.E.2d 1139, 1145.

Defendant has failed to meet its burden of presenting a compelling case that jurisdiction is unreasonable. It is reasonable to require defendant to submit to jurisdiction in Illinois because the State, its resident corporations, its residents and its workers all have a substantial economic interest in the payment for goods sold and services rendered by its residents. Illinois has a greater interest in the controversy than New York. Thus, the exercise of jurisdiction over defendant complies with Federal due process standards and traditional notions of fair play and substantial justice.

■ Under the due process requirement of the Illinois Constitution, it must be fair, just and reasonable to require a nonresident to defend an action in Illinois. (Ill. Const. 1970, art. I, § 2; *G.M. Signs, Inc. v. Kirns Signs, Inc.* (1992), 231 Ill. App. 3d 339, 342, 596 N.E.2d 212, 214.) When making this determination, courts should consider

the quality and nature of the defendant's alleged acts which occurred in Illinois or which affect interests located in Illinois. *G.M. Signs, Inc.*, 231 Ill. App. 3d at 342, 596 N.E.2d at 214.

In *G.M. Signs, Inc. v. Kirns Signs, Inc.* (1992), 231 Ill. App. 3d 339, 343, 596 N.E.2d 212, 214-15, this court distinguished between "passive purchasers," who merely place orders from out of State on nonnegotiated terms through mail advertising or other forms of solicitation, from "active purchasers," who have negotiated contractual terms with Illinois sellers and established ongoing relationships with Illinois sellers. (*G.M. Signs, Inc.*, 231 Ill. App. 3d at 344, 596 N.E.2d at 215.) The court found that by virtue of the existence of an ongoing commercial relationship with plaintiff, an Illinois seller, defendant was "an 'active purchaser' who deliberately reached out [far] beyond its home State to avail itself of the benefits of commercial ties with an Illinois company." (*G.M. Signs, Inc.*, 231 Ill. App. 3d at 344, 596 N.E.2d at 215.) The court went on to state:

> "[Defendant's] contacts with the forum State cannot reasonably be characterized as random, fortuitous, or attenuated. Defendant's actions should have enabled it to predict that it might be subject to the jurisdiction of this State. Plaintiff has a legitimate interest in using Illinois courts to enforce the obligations that defendant actively and knowingly undertook." (*G.M. Signs, Inc.*, 231 Ill. App. 3d at 344-45, 596 N.E.2d at 215.)

The court found, therefore, that the exercise of long-arm jurisdiction over a nonresident corporate purchaser engaged in a commercial relationship with an Illinois corporation through the placing of purchase orders to the plaintiff in Illinois for products manufactured in Illinois did not violate the restrictions of the due process clause in the Illinois Constitution and that the exercise of jurisdiction under such circumstances was fair, just and reasonable. *G.M. Signs, Inc.*, 231 Ill. App. 3d at 345, 596 N.E.2d at 215.

As in *G.M. Signs, Inc.*, defendant in the present case maintained a contract with an Illinois seller for several years and then refused to pay for products that the Illinois corporate plaintiff produced and delivered to defendant in defendant's home State. (See *G.M. Signs, Inc.*, 231 Ill. App. 3d at 341, 596 N.E.2d at 213.) The defendant in *G.M. Signs, Inc.*, like defendant in the present case, sought to benefit from an ongoing commercial relationship with an Illinois corporation and allegedly failed to pay for goods which it ordered from said corporation. (See *G.M. Signs, Inc.*, 231 Ill. App. 3d at 344, 596 N.E.2d at 215.) Based upon the precedent in *G.M. Signs, Inc.*, we find that the assumption of jurisdiction over defendant in the present case would not violate the due process guarantees of the Illinois Constitution.

Finally, we note that if this court were to affirm the trial court's dismissal of this cause, we would emasculate section 2—209(a) of the Long-Arm statute (Ill. Rev. Stat. 1991, ch. 110, par. 2—209(a)). Furthermore, an affirmation of the trial court's granting of defendant's motion would set a precedent which could be invoked to bar Illinois companies that have contracted with nonresident corporations to sell goods manufactured in Illinois from vindicating their rights by suing such corporations in Illinois courts. This would have catastrophic implications for Illinois commerce.

Accordingly, we reverse the trial court's granting of defendant's motion to quash service of process and to dismiss plaintiff's verified complaint, and we remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.

TULLY, P.J., and CERDA, J., concur.