**BELLE–AIRE FRAGRANCES, INC., Plaintiff,**

v.

**ODORITE INTERNATIONAL, INC., Defendant.**

No. 95 C 1442.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 20, 1995.

622

Steven Cherin, Scott Matthew Nelson, Pyes & Cherin, Chicago, IL, for plaintiff.

James H. Longstreet, E. William Maloney, Jr., Maloney & Craven, P.C., Des Plaines, IL, for defendant.

### AMENDED MEMORANDUM ORDER AND OPINION[1]

GETTLEMAN, District Judge.

Plaintiff Belle–Aire Frangrances, Inc. filed this diversity jurisdiction action pursuant to 28 U.S.C. § 1332 against defendant Odorite International, Inc. alleging that defendant owes plaintiff $51,396.01 for goods sold and delivered. In the complaint, plaintiff asserts that jurisdiction and venue are proper in this court because on: (1) plaintiff is a corporation organized under the laws of the State of Delaware having its principal place of business in Illinois; (2) defendant is a corporation organized under the laws of the State of Missouri having its principal place of business in the State of Missouri.[2] Defendant moves the court to dismiss this action for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), and because venue is improper and inconvenient pursuant to Rule 12(b)(3).

### FACTS

Plaintiff is a custom manufacturer of fragrances that are used in other companies' products. Defendant manufactures air fresheners. There is no dispute that defen-

---

1. This amended opinion is issued to correct the first sentence of the court's previous opinion dated September 15, 1995.

2. For purposes of diversity jurisdiction, plaintiff alleges that "the matter in controversy exceeds, exclusive of interest and costs, the sum of Fifty Thousand an 00/100 Dollars."

dant has no presence in or contact with the state of Illinois other than plaintiff's claims in the instant case.[3] Tom Daly ("Daly"), one of plaintiff's salesmen, telephoned defendant in April 1994, to solicit business. On April 27, 1994, accompanied by plaintiff's vice president Donald Conover, Daly traveled from Illinois to defendant's facility in Kansas City, Missouri.[4] On May 2, 1994, Daly telephoned defendant to follow up on issues discussed in the April 27 meeting.

Pursuant to these discussions, on May 10, 1994, defendant sent plaintiff some of its products for plaintiff to analyze and test. Plaintiff then sent defendant samples of a product that plaintiff had produced for defendant. Between June 5, 1994, and December 12, 1994, Daly negotiated with defendant over the telephone and in writing about certain restrictions, cost factors and price terms related to ordering plaintiff's products.[5]

Pursuant to these negotiations from June through December 1994, defendant telephoned plaintiff with orders for various fragrances. In December 1994, plaintiff ceased filling defendant's orders because defendant had failed to pay an outstanding balance due. Plaintiff filed the instant action on March 7, 1995.

## Discussion

A federal district court in Illinois has personal jurisdiction over a party in a diversity case only if Illinois courts would have such jurisdiction. *Michael J. Newman & Assoc. v. Florabelle Flowers*, 15 F.3d 721, 724 (7th Cir.1994). Plaintiff has the burden of "establishing a *prima facie* case for personal jurisdiction." *Id.* In reviewing whether it has personal jurisdiction, the court can consider and weigh affidavits submitted by the parties. *Kontos v. Dept. of Labor*, 826 F.2d 573,

576 (7th Cir.1987). The court must accept all undenied factual allegations as true and interpret all disputed facts in favor of the party asserting jurisdiction. *Saylor v. Dyniewski*, 836 F.2d 341, 342 (7th Cir.1988).

■ Under Illinois law, to exercise personal jurisdiction over a foreign party the court must consider a three part analysis: (1) whether the Illinois long-arm statute provides personal jurisdiction; (2) whether the exercise of such jurisdiction is consistent with federal due process; and, (3) whether jurisdiction is consistent with the due process requirements of Illinois. *Florabelle Flowers*, 15 F.3d at 724–725.

Plaintiff asserts that the court has personal jurisdiction over defendant under the Illinois long-arm statute. That statute, 735 ILCS 5/2–209, provides in part:

(a) Any person, whether or not a citizen or resident of this state ... does any of the acts hereinafter enumerated, thereby submits ... to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within the State;

.    .    .    .    .

(7) The making or performance of any contract or promise substantially connected with this State.

.    .    .    .    .

(c) A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States.

■ Section 2–209(c), otherwise known as the "catch-all" provision of the long-arm statute, is intended to "permit jurisdiction to the

---

**3.** Defendant filed an affidavit of Scott D. Gillespie, defendant's president, stating that defendant has never maintained an office, agent, salesman, or employee in Illinois, nor has any agent or employee traveled to Illinois for purposes of engaging in business with plaintiff or any other reason unrelated to this case. Plaintiff has not provided any evidence that contradicts these facts. Therefore, the court accepts them as true.

**4.** Mr. Conover, plaintiff's vice president, states in his affidavit that "a representative of [defendant] requested that I travel to [defendant] in Missouri

to investigate their formulation and product problems."

**5.** Defendant asserts that it purchased standard products from plaintiff and that plaintiff charged defendant its customary prices. Both parties have filed conflicting affidavits on this issue and therefore, for purposes of this motion, the court must accept plaintiff's version of these facts as true. *Saylor v. Dyniewski*, 836 F.2d 341, 342 (7th Cir.1988).

extent presently allowed by the due process clause of the Constitution." *Plymouth Tube Co. v. O'Donnell,* 1995 WL 387595 *2 (N.D.Ill.1995), quoting, *L.B. Foster Co. v. Railroad Serv., Inc.,* 734 F.Supp. 818, 822 (N.D.Ill.1990). Accordingly, if the contacts between defendant and the State of Illinois "are sufficient to satisfy the requirements of due process, then the requirements of both the Illinois long-arm statute and the United States Constitution have been met." *Id.*

■ Under the Illinois Constitution, due process requires that "it must be fair, just and reasonable to require a non-resident to defend an action in Illinois." *Autotech Controls Corp. v. K.J. Electric,* 256 Ill.App.3d 721, 726, 195 Ill.Dec. 526, 628 N.E.2d 990 (1st Dist.1993). In *G.M. Signs, Inc. v. Kirn Signs Inc.,* 231 Ill.App.3d 339, 172 Ill.Dec. 933, 596 N.E.2d 212 (2nd Dist.1992), the court distinguished what it termed "active purchasers" (who submit to jurisdiction in the seller's forum) from "passive purchasers" (who do not submit to jurisdiction). A "passive purchaser" is one who places orders at the seller's price, and an "active purchaser" is one who takes a more aggressive intrusive role in purchasing by going to inspect the seller's production facilities or vigorously negotiating contract terms. *Id,* 231 Ill.App.3d at 343, 172 Ill.Dec. 933, 596 N.E.2d 212; see also, *Deluxe Ice Cream Co. v. R.C.H. Tool Corp.,* 726 F.2d 1209, 1215–16 (7th Cir.1984) (holding that discussions in Illinois leading to contract created jurisdiction in Illinois); *Neiman v. Rudolf Wolff & Co.,* 619 F.2d 1189, 1193 (7th Cir.), cert. denied, 449 U.S. 920, 101 S.Ct. 319, 66 L.Ed.2d 148 (1980) (holding that lunch meeting in Illinois on terms of contract conferred personal jurisdiction). Quoting in part *Chalek v. Klein,* 193 Ill.App.3d 767, 773, 140 Ill.Dec. 760, 550 N.E.2d 645 (2nd Dist. 1990), the court in *G.M. Signs,* 231 Ill.App.3d at 343, 172 Ill.Dec. 933, 596 N.E.2d 212, emphasized:

> This approach ... has the virtue of protecting both the due process rights of the ordinary mail order purchaser and the legitimate interests of "sellers who manufacture custom-built products according to a nonresident buyer's specifications."

In *G.M. Signs,* the defendant made the initial contact with the plaintiff, traveled to Illinois to inspect the plaintiff's manufacturing facility, actively negotiated business terms with the plaintiff, discussed future business relations between the defendant and the plaintiff, and placed numerous orders with the plaintiff over the course of several years. Based on this evidence, the court held that the defendant was an "active purchaser," and therefore the court had personal jurisdiction over the defendant in the matters relating to actions between the defendant and the plaintiff. *G.M. Signs,* 231 Ill.App.3d at 344, 172 Ill.Dec. 933, 596 N.E.2d 212.

■ Although the facts in the instant case differ from those in *G.M. Signs* somewhat, the court notes that defendant's conduct far exceeds that of an "ordinary mail order purchaser." After plaintiff initiated the contact, defendant actively negotiated the price and terms of the transactions and placed a number of orders with plaintiff over the course of six months.[6] Further, defendant sent its products to Illinois to be tested and analyzed by plaintiff in plaintiff's Illinois laboratories, and the products produced by plaintiff were custom-made for defendant.

The court finds that under these facts, defendant's contacts with Illinois cannot reasonably be characterized as random, fortuitous, or attenuated. The ongoing nature of the parties' relationship, the negotiation of the terms, the fact that defendant sent its products to plaintiff in Illinois to have them tested, and the fact that plaintiff produced custom products for defendant based on defendant's specifications "should have enabled [defendant] to predict that it might be subject to the jurisdiction of [Illinois]." *Id.* 231 Ill.App.3d at 344, 172 Ill.Dec. 933, 596 N.E.2d 212. Accordingly, the court finds that it has personal jurisdiction over defendant under § 2–209(c).

---

6. This ongoing relationship is akin to (although shorter than) that found in *Autotech Controls Corp.,* to constitute the making or performing of a contract or promise "substantially connected" with Illinois, sufficient to confer personal jurisdiction under 735 ILCS 5/2–209(a)(7).

## Conclusion

For the reasons stated above, applying the requirements of the Illinois long-arm statute and the restrictions of the Illinois due process clause, the court finds that it has personal jurisdiction over defendant. Accordingly, the court denies defendant's motion to dismiss this action under Rule 12(b)(2) for lack of personal jurisdiction. Defendant shall file its responsive pleading to the complaint within 14 days of this order.