SECOND DIVISION

May 12, 1998

No. 1-96-4457

EDWARD I. STEIN and ANDREA D. STEIN, ) Appeal from the

) Circuit Court of

Plaintiffs-Appellants, ) Cook County

)

v. ) 

)

RIO PARISMINA LODGE; JUDY HEIDT, owner )

and doing business as RIO PARISMINA )

LODGE; and FISH & GAME FRONTIERS, INC., )

also doing business as FRONTIERS )

INTERNATIONAL TRAVEL and d/b/a )

FRONTIERS, ) Honorable

) Robert J. Quinn,

Defendants-Appellees. ) Judge Presiding

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

Andrea and Edward Stein sued Rio Parismina Lodge (the Lodge), its owner Judy Heidt, and Fish & Game Frontiers (Frontiers), a travel agency, seeking compensation for injuries suffered on a trip to the Lodge arranged by Frontiers.  Plaintiffs appeal from dismissal of the suit for lack of personal jurisdiction.

Plaintiffs alleged in counts I and III of their complaint that in 1993 Edward, through Frontiers, reserved a room at the Lodge, in Costa Rica, as part of a fishing trip package deal defendants advertised.  On March 1, 1994, Edward boarded one of the Lodge's boats, and the boat headed down the Parismina River to the Caribbean Sea.  Tall ocean breakers met the boat near the mouth of the river, swamping the boat and hitting Edward with such force that he lost his hold on the boat's railing.  He suffered severe injury.  Andrea sought compensation for her loss of consortium due to Edward's injuries.  Plaintiffs charged the Lodge and Heidt with negligently failing to check the height of the breakers before permitting the boat to embark and inadequately training and supervising the boat's captain.

In counts II and IV plaintiffs alleged that Frontiers warranted Edward's safety and made misrepresentations of facts concerning the safety of the Lodge's boats and operations, in violation of the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 
et
 
seq.
 (West 1992)).  The contract attached to the complaint showed that Frontiers arranged transportation from San Jose, Costa Rica, to the Lodge, but not from Illinois to San Jose.

Heidt and the Lodge moved to dismiss for want of personal jurisdiction.  Heidt, in her affidavit, swore that neither she nor the Lodge had registered to do business in Illinois, neither owned property in Illinois, neither had an Illinois telephone number, and neither had a registered agent in Illinois.  Heidt never visited Illinois on behalf of the Lodge.  Frontiers had no contractual arrangement with the Lodge.

Frontiers moved separately to dismiss.  The president of Frontiers swore in an affidavit that Edward contacted Frontiers in Pennsylvania, at Frontiers' principal place of business.  Frontiers had not registered to do business in Illinois, owned no property in Illinois, had no Illinois telephone number, and employed no registered agent in Illinois.  Frontiers also participated in no travel expositions in Illinois.  Other travel agents also arrange trips to the Lodge.

In response plaintiffs presented two documents containing alleged misrepresentations, which Frontiers mailed to plaintiffs' Illinois address.  Edward also swore in an affidavit that he attended the Chicagoland Sport Fishing Travel & Outdoor Show (Outdoor Show) in Illinois, where he spoke to a Lodge employee, Cole Smith.  Lodge representatives attended that show in 1992, 1993 and 1994, and perhaps in other years.  Smith gave Edward literature about the Lodge and a card with a Texas address as Smith's home office.  Smith said Edward could arrange a trip to the Lodge through Frontiers.  Edward later contacted Frontiers, and after Frontiers sent him information, he arranged the trip through Frontiers.

Smith also submitted an affidavit in which he swore that he "was not authorized to sign for anything" on behalf of Heidt or the Lodge.

The trial court, after reviewing the documents and hearing argument, granted defendants' motions to dismiss.  For this appeal,

"[P]laintiffs *** carry the burden of establishing a 
prima
 
facie
 basis upon which jurisdiction over the defendant can be exercised.  [Citation.]  In considering a challenge to personal jurisdiction, conflicts between a defendant's affidavits and the plaintiff's pleadings and affidavits will be resolved in favor of the plaintiff for purposes of determining whether a 
prima
 
facie
 case for 
in
 
personam
 jurisdiction has been made.  [Citations.]  Since the trial court did not hold an evidentiary hearing on the defendant's motion attacking its jurisdiction, our review of the issue is 
de
 
novo
."  
International Business Machines Corp. v. Martin Property & Casualty Insurance Agency, Inc.
, 281 Ill. App. 3d 854, 857-58, 666 N.E.2d 866 (1996).

Defendants suggest that, following 
Finnegan v. Les Pourvoiries Fortier, Inc.
, 205 Ill. App. 3d 17, 562 N.E.2d 989 (1990), we should reject "a long line of Illinois cases" (
Finnegan
, 205 Ill. App. 3d at 24) which apply the standard of review restated in 
IBM
.  In 
Finnegan
 the court held that the trial court should weigh the documentary evidence presented on the issue of jurisdiction, resolving conflicts as it finds most credible, and this court should reverse the trial court's determination only if it is contrary to the manifest weight of the evidence.

The reasoning of 
Finnegan
 would apply if the trial court heard courtroom testimony on jurisdictional issues.  As the court implicitly held in 
IBM
, when the trial court hears no testimony, and determines jurisdiction solely on the basis of documentary evidence, the trial court is not in a better position than this court to assess credibility or weigh the evidence.  Therefore we should review the evidence 
de
 
novo
.  See 
Comedy Cottage, Inc. v. Berk
, 145 Ill. App. 3d 355, 359, 495 N.E.2d 1006 (1986); 
Delasky v. Village of Hinsdale
, 109 Ill. App. 3d 976, 980, 441 N.E.2d 367 (1982).

When a plaintiff has stated a 
prima
 
facie
 case for relief, the court should not dismiss on the pleadings, and the court on a motion to so dismiss must construe all well-pleaded facts in favor of the plaintiff.  
Gouge v. Central Illinois Public Service Co.
, 144 Ill. 2d 535, 542, 582 N.E.2d 108 (1991).  Similarly, where a plaintiff has pleaded sufficient facts supporting personal jurisdiction, the court must not dismiss the case on the pleadings for want of jurisdiction.  
IBM
, 281 Ill. App. 3d at 857-58.  If the plaintiff's documentary evidence, including affidavits and depositions, contradicts the defendant's evidence on issues of fact that will determine whether the court has personal jurisdiction, the trial court must hear the testimony, evaluate its credibility, and resolve any material conflicts in the evidence.  735 ILCS 5/2-301(b) (West 1994).  After such a hearing this court should defer to the trial court's findings, applying the standard enunciated in 
Finnegan
.  But this court need not defer to any jurisdictional determination entered without such testimony, and in the absence of such evidence the plaintiff must establish only a 
prima
 
facie
 basis for jurisdiction, unless the defendant presents uncontradicted evidence sufficient to defeat jurisdiction.  
IBM
, 281 Ill. App. 3d at 858.

As the court in 
Finnegan
, 205 Ill. App. 3d at 24-25, used an erroneous standard of review, we decline to follow the part of 
Finnegan
 inconsistent with both this opinion and the long line of Illinois cases partially cited in 
Finnegan
.  
E.g.
, 
Kutner v. DeMassa
, 96 Ill. App. 3d 243, 247-48, 421 N.E.2d 231 (1981).

Plaintiffs here argue that the court has jurisdiction over the defendants both pursuant to our long-arm statute, section 2-209 of the Civil Practice Law (735 ILCS 5/2-209 (West 1994)), and because they were doing business in Illinois.  The Civil Practice Law provides:

"Any person *** [who] does any of the acts hereinafter enumerated, thereby submits *** to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts: 

(1) The transaction of any business within this State; 

(2) The commission of a tortious act within this State."  735 ILCS 5/2-209(a)(1), (a)(2) (West 1994). 

Courts apply a two-step analysis when a plaintiff argues for jurisdiction under the long-arm statute.

"[T]he first step is to determine if jurisdiction is proper under that statute.  If jurisdiction is found to be proper under our long-arm statute, then we reach the second step, which is to determine if jurisdiction is permissible under the due process clause.  Clearly, if jurisdiction is not found to be proper under the long-arm statute, there is no need to determine whether jurisdiction is constitutionally permissible."  
R.W. Sawant & Co. v. Allied Programs Corp.
, 111 Ill. 2d 304, 311, 489 N.E.2d 1360 (1986).

The analysis may begin with either step.  If the court finds the constitutional test more readily applicable, it "need not determine whether the defendant's activities meet the requirements of the long arm statute."  
Wiles v. Morita Iron Works Co.
, 125 Ill. 2d 144, 149, 530 N.E.2d 1382 (1988).  Where the exercise of jurisdiction would not comport with the requirements of due process, the court must dismiss the action for want of jurisdiction.

Both the Illinois Constitution and the United States Constitution guarantee that the state shall not deprive any person of property without due process of law.  U.S. Const., amend. XIV, §1; Ill. Const. 1970, art. I, §2.  The guarantees are not coextensive.  
Rollins v. Ellwood
, 141 Ill. 2d 244, 275, 565 N.E.2d 1302 (1990).  "Federal due process requires that the defendant have such 'minimum contacts' with the forum State that the exercise of jurisdiction is consistent with traditional notions of fair play and substantial justice."  
G.M. Signs, Inc. v. Kirn Signs, Inc.
, 231 Ill. App. 3d 339, 342, 596 N.E.2d 212 (1992).

"At a minimum, the court must find an act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.  [Citation.]  The focus is on the defendant's activities within the forum State, not on those of the plaintiff."  
Sackett Enterprises, Inc. v. Staren
, 211 Ill. App. 3d 997, 1004, 570 N.E.2d 702 (1991).

To determine whether a defendant who allegedly participated in a transaction has availed himself of the benefits of Illinois law, courts consider who initiated the transaction, where the parties entered the contract, and where the defendant would have performed the contract.  
Campbell v. Mills
, 262 Ill. App. 3d 624, 628, 634 N.E.2d 41 (1994).

In 
Pilipauskas v. Yakel
, 258 Ill. App. 3d 47, 629 N.E.2d 733 (1994), the defendants, owners of a lodge in Michigan, joined a marketing association that made the lodge's brochures available at the Outdoor Show.  The defendants made about 100 calls to Illinois each year, and nearly half of the lodge's guests came from Illinois.  After the plaintiffs called the defendants, the defendants mailed them promotional material.  The defendants had no Illinois telephone number and never came to Illinois on lodge business.  The appellate court held that the exercise of jurisdiction over the defendants would not comport with due process.  
Pilipauskas
, 258 Ill. App. 3d at 59.

Here Frontiers had no Illinois telephone number and participated in no travel exhibition in Illinois.  All of Frontiers' actions for entering the contract occurred in Pennsylvania, and it arranged the trip from its office in Pennsylvania for performance entirely within Costa Rica.  Plaintiffs admit that Edward contacted Frontiers by calling the Pennsylvania office.

Plaintiffs ask this court to find that Frontiers acted as the Lodge's agent in arranging the trip and that, because the Lodge appeared at the Outdoor Show and named Frontiers as a travel agency authorized to arrange trips to the Lodge, Frontiers, too, effectively appeared at the Outdoor Show.  While the acts of an agent may be considered to be acts of the principal (
John Deere Co. v. Metzler
, 51 Ill. App. 2d 340, 355, 201 N.E.2d 478 (1964)), acts of the principal are never imputed to the agent.  The imputation of action to the principal follows from the principal's control of the agent (see 
Illinois State Toll Highway Authority v. DiBenedetto
, 275 Ill. App. 3d 400, 410, 655 N.E.2d 1085 (1995)), but the agent lacks the power to control the principal's acts.  Thus, even assuming plaintiffs established that Frontiers acted as the Lodge's agent, that agency would provide no grounds for finding that Frontiers appeared in Illinois to sell its services at the Outdoor Show.  If plaintiffs mean to argue that Smith acted as Frontiers' agent at the Outdoor Show, his reference to Frontiers as a travel agency capable of arranging the trip is not sufficient to show that Smith acted as Frontiers' agent.  See 
Hansen v. Caring Professionals, Inc.
, 286 Ill. App. 3d 797, 800-02, 676 N.E.2d 1349 (1997).

Therefore, Frontiers had even less significant contacts with Illinois than the contacts found insufficient in 
Pilipauskas
.   Because the exercise of jurisdiction over Frontiers would not comport with federal due process requirements, the trial court correctly dismissed the counts against Frontiers for lack of jurisdiction.

Plaintiffs claim that the court had jurisdiction over Heidt and the Lodge under the long-arm statute because they committed a tort in Illinois.  735 ILCS 5/2-209(a)(2) (West 1994).  All of the charged negligent acts occurred in Costa Rica, where Edward suffered the injuries that form the basis for the suit.  For Illinois courts to have jurisdiction under section 2-209(a)(2), 

"where *** all of the conduct complained of took place outside Illinois, at least the injury must have been suffered in Illinois."  
Green v. Advance Ross Electronics Corp.
, 86 Ill. 2d 431, 438, 427 N.E.2d 1203 (1981).  Therefore we find that section 2-209(a)(2) provides no grounds for jurisdiction in this case.

Plaintiffs argue that the court had jurisdiction over Heidt and the Lodge because they were transacting business in Illinois for purposes of the long-arm statute and the injury arose out of such transaction.  735 ILCS 5/2-209(a)(1) (West 1994).  For this argument, plaintiffs rely primarily on 
Clements v. Barney's Sporting Goods Store
, 84 Ill. App. 3d 600, 406 N.E.2d 43 (1980), but in 
Kadala v. 
Cunard Lines, Ltd.
, 226 Ill. App. 3d 302, 589 N.E.2d 802 (1992), the court noted that subsequent rulings of our supreme court severely undercut the authority of 
Clements
.  The reasoning of 
Clements
 no longer applies to statutory analysis of section 2-209.  
Kadala
, 226 Ill. App. 3d at 313.

In 
Wiedemann v. Cunard Line Ltd.
, 63 Ill. App. 3d 1023, 380 N.E.2d 932 (1978), the plaintiff was injured on a cruise he took after responding to an advertisement shown in Illinois.  The defendant hired two Illinois residents to promote, in Illinois, travel on the defendant's ships, and the defendant also did market research in Illinois.  The defendant mailed the plaintiff's ticket to his home in Illinois.  The court held that the defendant's activities did "not amount to the 'transaction of business,' because the [defendant's] employees were not authorized to, and did not, contract with anyone in Illinois."  
Wiedemann
, 63 Ill. App. 3d at 1032; see also 
Kadala
, 226 Ill. App. 3d at 308-15.

Here, the sole alleged activity in Illinois was the Lodge's participation in the Outdoor Show.  But plaintiffs have not even alleged that the representative at the show had authority to enter into contracts on defendants' behalf, nor that he purported to do so, and the representative expressly said he had no authority to sign for anything on behalf of the Lodge or Heidt.  The delivery of a document showing Edward's reservation, through Frontiers, to plaintiffs' Illinois home is also insufficient to constitute the transaction of business in Illinois.  
Wiedemann
, 63 Ill. App. 3d at 1032.  Therefore, the long-arm statute does not support the assertion of jurisdiction over Heidt or the Lodge.

Finally, plaintiffs maintain that Illinois courts have jurisdiction over the Lodge and Heidt because they do business in Illinois.  When the long-arm statute does not confer jurisdiction, the courts may have jurisdiction over a defendant because the defendant is "doing business" in Illinois.  
Cook Associates, Inc. v. Lexington United Corp.
, 87 Ill. 2d 190, 200, 429 N.E.2d 847 (1981).  For this test, the plaintiff must show that the character and extent of the defendant's activities justify the inference that the defendant has submitted generally to the jurisdiction and laws of Illinois.  
Dal Ponte v. Northern Manitoba Native Lodges, Inc.
, 220 Ill. App. 3d 878, 882, 581 N.E.2d 329 (1991).  The defendant must transact business in Illinois, "not occasionally or casually, but with a fair measure of permanence and continuity." 
Cook
, 87 Ill. 2d at 203.

Participation in trade shows is not sufficient for "doing business" (
Cook
, 87 Ill. 2d at 203; 
Dal Ponte
, 220 Ill. App. 3d at 882), even when considered together with more direct solicitation activities.  
Radosta v. Devil's Head Ski Lodge
, 172 Ill. App. 3d 289, 295, 526 N.E.2d 561 (1988).  In 
Radosta
, the defendant, a lodge, had an Illinois telephone number, advertised in Illinois, made discount coupons available in one ski shop in Chicago, and participated in a travel exposition.  The court held that it lacked jurisdiction over the defendant, who was not "doing business" in Illinois.  Because Heidt and the Lodge did far less in Illinois than did the defendant in 
Radosta
, we hold that here, too, the defendants were not "doing business" in Illinois.  Neither the long-arm statute nor the "doing business" test supports the assertion of jurisdiction over Heidt or the Lodge, so the trial court properly dismissed the counts against those defendants for lack of personal jurisdiction.

Federal due process requirements preclude the exercise of jurisdiction over Frontiers.  Illinois statutory law shows no basis for the assertion of jurisdiction over Heidt or the Lodge.  Accordingly, we affirm the trial court's judgment dismissing the lawsuit for want of personal jurisdiction.

Affirmed.

RAKOWSKI and COUSINS, JJ., concur.