(No. 73293.—

ROBERT W. DUNAWAY, JR., a Minor, by His Mother and Next Friend, Jill Dunaway, *et al.*, Appellants, v. MARION FELLOUS *et al.*, Appellees.

*Opinion filed March 18, 1993.*

HARRISON, J., took no part.

Michael A. Mroz, of Talbert & Mallon, of Alton, for appellants.

Dale L. Bode and Leslie G. Offergeld, of Walker & Williams, P.C., of Belleville, for appellees.

JUSTICE BILANDIC delivered the opinion of the court:

Plaintiffs filed a direct appeal to this court pursuant to Supreme Court Rule 302 (134 Ill. 2d R. 302) from an adverse ruling of the circuit court of Madison County which held that it did not have jurisdiction over the persons of the defendants under the Illinois Dramshop Act (Ill. Rev. Stat. 1989, ch. 43, par. 135).

The plaintiffs, Robert W. Dunaway, Jr., a minor by and through his mother and next friend Jill Dunaway, Robert Dunaway, Sr., and Jill Dunaway, individually, filed a 10-count complaint on April 29, 1991. Counts I through V named Eighteen Thousand Corporation, d/b/a Orville & Wilburs (hereinafter referred to as Eighteen Thousand Corp.), as defendant. The complaint alleged that Eighteen Thousand Corp. maintained, managed and operated a tavern located at 18000 Chesterfield Airport Road in Chesterfield, Missouri. Further, it was alleged

that on May 2, 1990, employees of Eighteen Thousand Corp. gave or sold intoxicating liquors to Rudy Sample, who was thus caused to become intoxicated. The complaint alleged that as a result of Rudy Sample's intoxication, he was caused to operate an automobile in a negligent and careless manner so as to strike the automobile driven by Robert Dunaway, Sr., and in which Robert Dunaway, Jr., was a passenger. This automobile accident was alleged to have occurred on Illinois Highway 159 in Collinsville, Illinois.

Counts VI through X of the complaint were brought against defendants Martha and Marion Fellous (hereinafter referred to as the Fellouses). As to the Fellouses, the complaint alleged that on May 2, 1990, they owned and/ or leased the building in which Eighteen Thousand Corp. operated a tavern located at 18000 Chesterfield Airport Road, Chesterfield, Missouri. It was further alleged that the Fellouses had knowledge that alcoholic liquors were sold by Eighteen Thousand Corp. or had knowingly leased or permitted the occupation of their building, or a part thereof, for such purposes. All 10 counts of the complaint were brought pursuant to the Illinois Dramshop Act (Ill. Rev. Stat. 1989, ch. 43, par. 135).

On June 7, 1991, the Fellouses and Eighteen Thousand Corp. filed a special and limited appearance objecting to the jurisdiction of the court over their persons. In their special and limited appearance, the defendants asserted that on the face of plaintiffs' complaint, all of the defendants were located in Chesterfield, Missouri, and were alleged to have committed certain acts in the State of Missouri. The defendants argued in the special appearance that they had not committed any act which would submit them to the jurisdiction of the circuit court of Madison County, Illinois.

On January 31, 1992, the circuit court entered an order finding that there was no jurisdiction over the

defendants and accordingly quashed the summons issued against them.

## I

The plaintiffs appealed to this court pursuant to Supreme Court Rule 302(a)(1) (134 Ill. 2d R. 302(a)(1)). That rule permits direct appeals to this court when a statute of the United States or of this State has been held unconstitutional. The trial court order in this case did not expressly state that any statute of the United States or of this State was unconstitutional. The trial court's order states only that "[t]he court finds and orders that there is no jurisdiction over these defendants and accordingly the summons' [sic] issued against them are hereby quashed."

The plaintiffs contend that their direct appeal pursuant to Rule 302(a)(1) is proper. The plaintiffs assert that the trial court, in effect, declared a provision of the Dramshop Act (the Act), which provides for jurisdiction over out-of-state tavernkeepers, unconstitutional. (See U.S. Const., amend. XIV, §1; Ill. Const. 1970, art. I, §2.) Section 6—21(b) of the Dramshop Act, the provision which subjects out-of-state tavernkeepers to the jurisdiction of Illinois courts, states:

> "Any person licensed under any state or local law to sell alcoholic liquor, whether or not a citizen or resident of this State, who in person or through an agent causes the intoxication, by the sale or gift of alcoholic liquor, of any person who, while intoxicated, causes injury to any person or property in the State of Illinois thereby submits such licensed person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State for a cause of action arising under subsection (a) above." Ill. Rev. Stat. 1989, ch. 43, par. 135(b).

No transcript of the hearing on jurisdiction is included in the record. Thus, we have no indication beyond

the language of the court's order whether the trial court found the above-quoted statutory provision unconstitutional. The language of the order suggests that the trial court merely found that it could not assert jurisdiction over the defendants under the facts presented in this particular case. Thus, it is not apparent that this court has jurisdiction over this appeal under Rule 302(a)(1).

Nevertheless, because this case presents an issue of substantial public interest, we choose to exercise our supervisory authority and address the issue presented. See *Weinstein v. Rosenbloom* (1974), 59 Ill. 2d 475, 476.

## II

We will first consider plaintiffs' action against the Fellouses, who are the owners of the building in Chesterfield, Missouri, where Eighteen Thousand Corp.'s tavern was located. Liability against the Fellouses is based upon the Illinois Dramshop Act (Ill. Rev. Stat. 1989, ch. 43, par. 135).

The issue presented is whether the Illinois Dramshop Act can be invoked against a Missouri real property owner.

In *Wimmer v. Koenigseder* (1985), 108 Ill. 2d 435, this court held:

"The [Illinois Dramshop] Act is a statute which serves the important public purpose of regulating the sale of liquor by Illinois tavernkeepers in Illinois to Illinois patrons. It has been consistently interpreted in this manner throughout its history. Nothing in the statute reflects any legislative intent to extend the statute to Wisconsin tavernkeepers, and we express no opinion now as to whether such an intent would be consistent with the United States Constitution." (*Wimmer,* 108 Ill. 2d at 442.)

Following the *Wimmer* opinion, the legislature amended the Illinois Dramshop Act to extend the jurisdiction of the Act by adding subsection (b) to section 135:

"(b) Any person licensed under any state or local law to sell alcoholic liquor, whether or not a citizen or resident of this State, who in person or through an agent causes the intoxication, by the sale or gift of alcoholic liquor, of any person who, while intoxicated, causes injury to any person or property in the State of Illinois thereby submits such licensed person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State for a cause of action arising under subsection (a) above." (Pub. Act 84—1381, §1, eff. September 12, 1986.)

This amendment applies to the out-of-state tavern-keepers and does not include the owner of the out-of-state real estate. The legislative debates confirm the intent to include the licensee (tavernkeeper) only. See 84th Ill. Gen. Assem., House Proceedings, July 1, 1986, at 801 (statements of Representative Daley).

Martha and Marion Fellous are the owners of the Chesterfield, Missouri, real property in which the Eighteen Thousand Corp. was licensed by Chesterfield, Missouri, to operate a dramshop at that location. Since the legislature did not include jurisdiction over real property owners in another State, the circuit court of Madison County correctly determined that it did not have personal jurisdiction over defendants Martha and Marion Fellous.

### III

Next we will consider whether the 1986 amendment extends jurisdiction of the Illinois Dramshop Act against an out-of-state dramshop that sells or gives intoxicating beverages to an individual, which intoxicating beverages cause or contribute to the intoxication of that individual,

and that intoxicated individual commits a tortious act in Illinois and causes damage in Illinois.

The addition of subparagraph (b) to the Illinois Dramshop Act provides that *"[a]ny person licensed under any state *** law *** [that] causes the intoxication, by the sale or gift of alcoholic liquor, of any person who, while intoxicated, causes injury to any person or property in the State of Illinois, thereby submits such licensed person *** to the jurisdiction of the courts of this State ***."* (Emphasis added.) Ill. Rev. Stat. 1989, ch. 43, par. 135(b).

The legislative intent is obvious from a plain reading of the amendment. The legislative debates reinforce that clear and obvious intent:

> "Senate Bill 2165 provides for the right of action by Illinois residents against *out-of-state sellers of alcoholic liquors* who cause the intoxication of an individual who later injured someone *** or damaged something in Illinois." (Emphasis added.) (84th Ill. Gen. Assem., House Proceedings, July 1, 1986, at 801 (statements of Representative Daley).)

We therefore conclude that the Illinois Dramshop Act, as amended, extends the jurisdiction of Illinois courts to out-of-state dramshop licensees.

Having established the application of the Act, as amended, to the Missouri dramshop licensee, we must now consider whether the allegations of plaintiffs' complaint were sufficient to invoke jurisdiction over the Missouri licensee.

In *Wimmer*, this court found that the Illinois Dramshop Act did not provide for a cause of action against an out-of-state tavern and affirmed the trial court's dismissal of the plaintiff's complaint on that basis. (*Wimmer*, 108 Ill. 2d at 444.) It was after this court's decision in *Wimmer* that the Act was amended to provide for a cause of action against an out-of-state dramshop licensee

and for jurisdiction over an out-of-state licensee. Ill. Rev. Stat. 1989, ch. 43, par. 135(b).

It is not necessary for us to decide now whether the appellate court in *Wimmer* was correct in determining that sufficient minimum contacts existed to make jurisdiction over the defendants in that case proper. (See *Wimmer v. Koenigseder* (1984), 128 Ill. App. 3d 157, 165.) Assuming that the appellate court in *Wimmer* was correct, *Wimmer* does not aid the plaintiffs here because the facts of *Wimmer* are distinguishable from the facts of the case at bar. In *Wimmer*, the plaintiff's complaint and affidavits established that the defendants advertised in Illinois for the purpose of obtaining business from Illinois residents and that a majority of the defendants' business came from Illinois residents. In contrast, the plaintiffs' complaint here does not allege that the defendants took any action to solicit business from Illinois residents or that any of Eighteen Thousand Corp.'s patrons were Illinois residents. The complaint here does not even allege that Sample was an Illinois resident who drove into Missouri to drink and then drove back into Illinois.

Here, the only facts alleged upon which jurisdiction could be premised over Eighteen Thousand Corp. are the following: (1) that Eighteen Thousand Corp. operated a tavern in Chesterfield, Missouri, a town 30 miles away from the Missouri-Illinois border; (2) that intoxicating liquor was served to an individual, Sample, at Eighteen Thousand Corp.'s tavern; and (3) that Sample drove more than 30 miles from Chesterfield, Missouri, into Illinois, where he became involved in an automobile accident which resulted in injuries to Illinois residents.

These allegations fail to show that the defendant licensee had sufficient minimum contact with Illinois to make it proper for an Illinois court to exercise jurisdiction over it. The complaint does not allege that the

defendant conducted any activities within Illinois or directed its activities at Illinois residents. The complaint alleges only that it conducted activities within the Missouri border, namely operating a tavern there and supplying alcohol to Sample there. The requirement that the defendant must have purposefully availed itself of the privilege of conducting activities within Illinois, thus invoking the benefits and protections of this State's laws, has not been met. See *Hanson v. Denckla* (1958), 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 1298, 78 S. Ct. 1228, 1240.

The plaintiffs here seek to premise jurisdiction solely on the random and fortuitous acts of a consumer, Sample, who chose to drive into Illinois after drinking at the tavern operated by Eighteen Thousand Corp. Jurisdiction based upon such random and fortuitous acts, however, is not proper. See *Burger King Corp. v. Rudzewicz* (1985), 471 U.S. 462, 475, 85 L. Ed. 2d 528, 542, 105 S. Ct. 2174, 2183.

At most, the plaintiffs' complaint establishes that it was foreseeable, because of the proximity of Chesterfield, Missouri, to Illinois, that Sample would drive into Illinois and cause injury here. However, the fact that it is foreseeable that a defendant's activities might cause injury in the forum State is not a sufficient basis upon which to predicate personal jurisdiction. (See *World-Wide Volkswagon Corp. v. Woodson* (1980), 444 U.S. 286, 297, 62 L. Ed. 2d 490, 501, 100 S. Ct. 559, 567.) For the above reasons, the trial court was correct in finding that it did not have jurisdiction over the defendant under the facts presented here.

Our conclusion that the trial court did not have jurisdiction over the defendant under the facts of this case is consistent with the conclusions reached by courts in sister States. In *Meyers v. Kallestead* (Iowa 1991), 476 N.W.2d 65, an Iowa resident sued an Illinois tavern oper-

ator in Iowa, alleging liability under an Iowa dramshop act similar to the Illinois act. The plaintiff alleged that the Illinois tavern was located just across the Mississippi River from Iowa in a town connected to Iowa by a bridge. The plaintiff further alleged that a patron of the tavern, after drinking there, drove across the bridge into Iowa, where his car struck a car driven by the plaintiff.

The Iowa Supreme Court determined that it would be inconsistent with principles of due process for an Iowa court to assert jurisdiction over the defendant. In response to the plaintiff's argument that the tavern operator could have foreseen that her sale of alcohol would cause injury in Iowa, the court noted that the United States Supreme Court "has consistently held that this kind of foreseeability is not a 'sufficient benchmark' for exercising personal jurisdiction." *Meyers*, 476 N.W.2d at 68, quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. at 474, 85 L. Ed. 2d at 542, 105 S. Ct. at 2183; see also *West American Insurance Co. v. Westin, Inc.* (Minn. 1983), 337 N.W.2d 676 (holding that Minnesota courts did not have jurisdiction over a Wisconsin tavern located near the Minnesota-Wisconsin border where the only basis for asserting jurisdiction was that the tavern was near the border).

A more compelling basis existed in *Meyers* for asserting jurisdiction than exists here. In *Meyers*, the tavern was located just a short drive across a bridge from Iowa, the State in which the accident occurred and in which the plaintiff brought suit. Thus, in *Meyers*, the tavern arguably directed its activities toward Iowa residents by locating itself near a bridge leading into that State. Nevertheless, the court in *Meyers* concluded that Iowa courts did not have jurisdiction over the defendant. We likewise conclude that jurisdiction does not exist under the facts of this case. The trial court correctly held that

it did not have jurisdiction over defendant Eighteen Thousand Corp.

## CONCLUSION

For the foregoing reasons, we conclude that the order of the circuit court of Madison County quashing summons against the defendants, Martha and Marion Fellous and Eighteen Thousand Corp., on the grounds that the court lacked personal jurisdiction over them is affirmed.

*Affirmed.*

JUSTICE HARRISON took no part in the consideration or decision of this case.