SWISSLAND PACKING COMPANY, Plaintiff-Appellant, v. SHERILL COX, Defendant-Appellee.

Third District    No. 3—93—0454

Opinion filed January 13, 1994.

Ackman, Marek, Boyd & Simutis, Ltd., of Watseka (Frank J. Simutis, of counsel), for appellant.

Kay L. Johnson, of Brock, Markwalder, Sunderland, Murphy & Spenn, of Watseka, for appellee.

JUSTICE BARRY delivered the opinion of the court:

Plaintiff, Swissland Packing Company, is an Illinois corporation engaged in the business of processing veal calves, with its principal office in Iroquois County, Illinois. Defendant Sherill Cox is a veal producer residing in Princeton, Missouri. Plaintiff filed a breach of contract action in Iroquois County, based on an agreement in which plaintiff agreed to buy and defendant agreed to sell veal calves, in accordance with certain written specifications. Defendant filed a "Verified Motion to Quash Service of Process by Special and Limited Appearance to Contest Jurisdiction" which the circuit court of Iroquois County granted. Plaintiff now appeals, contending that the trial court's decision to grant defendant's motion was manifestly erroneous, because defendant should be subject to jurisdiction in Illinois.

Defendant had sold veal calves to plaintiff on two prior occasions in 1980 and 1981. Plaintiff and defendant corresponded by mail and telephone from 1990 to 1992. In the spring of 1992, plaintiff mailed defendant a contract, which specified the terms for the purchase of 210 veal calves. Defendant signed the contract in June 1992 and mailed it back to plaintiff. Under the terms of the contract, defendant was to deliver the 210 veal calves to plaintiff in Iroquois County, Illinois, on or before October 12, 1992.

Plaintiff brought a breach of contract action against defendant for $15,750 plus costs. Plaintiff's complaint alleged that plaintiff was informed that defendant sold the subject calves to another processor and that plaintiff demanded performance by defendant, who has refused to perform. Plaintiff then bought substitute calves. Defendant was served with summons in Mercer County, Missouri. As previously mentioned, the trial court granted the defendant's "Motion to Quash Service of Process by Special and Limited Appearance to Contest Jurisdiction" (motion to quash service of summons) and dismissed plaintiff's complaint.

Plaintiff contends that the trial court's finding that it could not properly exercise personal jurisdiction over the defendant was manifestly erroneous. We agree. We find that defendant performed acts sufficient to justify subjecting defendant to the jurisdiction of Illinois courts. Under the "long-arm" statute of the Illinois Code of Civil Procedure (735 ILCS 5/2—209 (West 1992)), a person who does the following acts is subject to the jurisdiction of Illinois courts: "(1) The transaction of any business within this State; *** (7) The making or performing of any contract or promise substantially connected with this State." (735 ILCS 5/2—209 (West 1992).) Defendant has trans-

acted business in Illinois by entering a contract to be performed in Illinois.

Defendant negotiated the contract at issue with plaintiff, an Illinois corporation to whom defendant had sold veal calves in the past. Plaintiff and defendant negotiated the contract by telephone and plaintiff mailed the contract to defendant in Missouri. Defendant then returned the signed contract to plaintiff, in Illinois. Most importantly, the defendant was to complete his performance under the contract in Illinois. Defendant was to deliver the veal calves to plaintiff's place of business in Illinois in order to get paid the purchase price. By contracting with an Illinois corporation to deliver goods in Illinois, defendant has submitted himself to the jurisdiction of Illinois courts. *Tabor & Co. v. McNall* (1975), 30 Ill. App. 3d 593, citing *First Professional Leasing Co. v. Rappold* (1974), 23 Ill. App. 3d 420, 319 N.E.2d 324, and *Willis v. West Kentucky Feeder Pig Co.* (1971), 132 Ill. App. 2d 266, 265 N.E.2d 899.

In its order, the trial court improperly relied on the recent case of *Dunaway v. Fellous* (1993), 155 Ill. 2d 93, 610 N.E.2d 1245. In *Dunaway*, the trial court quashed summons served upon the defendant for lack of personal jurisdiction and the Illinois Supreme Court affirmed. However, *Dunaway*, in which an Illinois plaintiff sued a Missouri tavern owner, is a case factually dissimilar from the present case. In *Dunaway* the defendant's only contact with Illinois was that the defendant had served an individual intoxicating liquor at the defendant's tavern in Chesterfield, Missouri, and the individual then drove more than 30 miles from Chesterfield into Illinois and was involved in an automobile accident which injured Illinois residents. (*Dunaway*, 155 Ill. 2d at 100, 610 N.E.2d at 1248.) In the present case, the defendant contracted with an Illinois corporation to deliver goods in Illinois. Thus, *Dunaway* is inapplicable to the case at hand.

Under the due process requirements of the fourteenth amendment, the exercise of jurisdiction by the trial court over the defendant must be such that maintaining the suit "does not offend 'traditional notions of fair play and substantial justice.' " (*International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158, quoting *Milliken v. Meyer* (1940), 311 U.S. 457, 463, 85 L. Ed. 278, 283, 61 S. Ct. 339, 343.) We think that that it is in no way unfair to submit to the jurisdiction of an Illinois court a defendant who has sold goods to an Illinois corporation on two prior occasions and has contracted to deliver goods to such corporation's place of business in Illinois. When the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus in-

voking the benefits and protections of its laws," the defendant is properly subject to personal jurisdiction in the forum State. (*Hanson v. Denckla* (1958), 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 1298, 78 S. Ct. 1228, 1240.) The defendant has indulged in the benefits of doing business in Illinois with an Illinois corporation and should be required to defend the lawsuit that has resulted from such business ventures.

Accordingly, the order of the circuit court of Iroquois County quashing service of summons upon defendant and dismissing plaintiff's complaint is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

SLATER, P.J., and McCUSKEY, J., concur.