FIFTH DIVISION

                                                   March 31, 2000

No. 1-99-0653

PATRICIA KALATA,

Plaintiff-Appellant,

v.

DARLENE HEALY, a/k/a Diane Healy a/k/a Riann Healy,

Defendant-Appellee. 

)

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

Sheldon Gardner,

Judge Presiding.
 
 

JUSTICE QUINN delivered the opinion of the court: 

Plaintiff, Patricia Kalata filed a breach of contract action against defendant Darlene Healy, seeking to recover $100,000 plaintiff placed in an alleged joint bank account for the purpose of partially funding a joint venture with defendant.  Defendant allegedly misappropriated the funds and refused to return the money to plaintiff.  Defendant filed a motion to quash service of process  and to dismiss plaintiff's complaint for lack of personal 
jurisdiction.  The trial court granted defendant's motion.  Plaintiff now appeals.  The sole issue for our review is whether the trial court erred in dismissing the cause for lack of personal jurisdiction pursuant to section 2-209 of the Code of Civil Procedure (735 ILCS 5/2-209 (West 1996)).  For the reasons that follow, we reverse and remand.

Plaintiff, an Illinois resident, filed a complaint against defendant, alleging breach of contract, quasi-contract and fraud.  Defendant resides in California.  Plaintiff and defendant had been friends since approximately 1994.  According to plaintiff, in the spring of 1997, defendant called her from California in an attempt to persuade her to form a joint venture to invest money in various projects.  Plaintiff claimed that the oral agreement provided that: (1) the parties would form a joint venture to invest money in real estate, including the purchase of a residence in California which plaintiff and defendant would share and which would be the property of the joint venture; (2) each party would contribute $100,000 to the joint venture; (3) defendant would open a joint account at a California bank into which the parties would deposit the joint venture funds;
 and (4) defendant would make investments for the joint venture.  Plaintiff alleged that after many discussions and several telephone calls initiated by defendant, she agreed to the joint venture.  

Plaintiff claimed that between May 22, 1997, and June 25, 1997, defendant sent plaintiff bank documents which defendant indicated were necessary to open a joint bank account or escrow account at a California bank.  All joint venture funds would be deposited into this account.  Plaintiff signed the bank documents and returned them to defendant.  

On or about May 22, 1997, plaintiff sent defendant a cashier's check in the amount of $65,000 as partial payment of her share of the joint venture funds.  On June 25, 1997, plaintiff wired $35,000 into the bank account as the second payment of her share of the  joint venture funds.  Plaintiff alleged that she received numerous assurances from defendant that the joint venture would "happen soon."

In June or July 1997, plaintiff discovered that defendant had withdrawn all of the funds from the joint venture account.  Plaintiff further discovered that the account was not in her name or in the name of the joint venture, but in defendant's name only.  Plaintiff's repeated demands upon defendant for the return of the money were unsuccessful and, consequently, she filed suit.  

Counsel for defendant filed a limited and special appearance and a motion to quash service.  Defendant argued that the court lacked personal jurisdiction over her.  Defendant claimed that she and plaintiff had a romantic relationship which began in 1994 and that the agreement to purchase a residence together was a result of their personal relationship.  Therefore, defendant was not transacting business in Illinois and this state could not submit defendant to 
in
 
personam
 jurisdiction.  In support of her motion, defendant submitted an affidavit in which she averred that she had not been in Illinois since 1994.  Defendant further averred that she and plaintiff were very close friends at one time and that in January 1997 plaintiff visited defendant in California and stayed with her for several weeks.  During plaintiff's visit, the two women discussed the joint venture agreement and planned to purchase a residence and live together.  Defendant denied that she transacted business in Illinois. 

Defendant's affidavit was supported by three exhibits.  Defendant submitted a letter that plaintiff allegedly sent her, which expressed plaintiff's affection for defendant.  The affidavit was also supported by a copy of an airline ticket plaintiff used to travel to California and a registration card for a vehicle plaintiff rented while she stayed with defendant in California in 1997.

Plaintiff filed a memorandum in opposition to defendant's motion to quash service and contended that defendant purposefully directed her fraudulent activities towards plaintiff and received a substantial benefit from these activities.  In support of the memorandum, plaintiff filed an affidavit in which she averred that all telephone conversations between the parties regarding the joint venture were initiated by defendant and that from April 1997 to October 1997, plaintiff received approximately 20 telephone calls from defendant.  Plaintiff also averred that during her trip to California in 1995 and early 1997, she did not discuss any matters pertaining to the joint venture with defendant and that the joint venture arrangement was raised for the first time in April 1997.  

On September 16, 1998, the trial court granted defendant's motion to dismiss and found that defendant had insufficient contact with Illinois to sustain the exercise of personal jurisdiction over her.  Plaintiff filed a motion to reconsider and submitted the affidavit of her attorney, who averred that defendant was actively transacting business on a regular basis in Illinois.  He claimed that defendant was challenging plaintiff's status as the independent administrator of the estate of defendant's father.  In response, defendant submitted the affidavit of her attorney, who averred that defendant had not traveled to Illinois with regard to the probate of her father's estate nor had she actively litigated the matter.  The trial court subsequently denied plaintiff's motion to reconsider and this timely appeal followed.

Plaintiff contends that the trial court erred in dismissing the lawsuit for lack of personal jurisdiction.  A plaintiff has the burden of establishing a valid basis for jurisdiction over a nonresident defendant.  
G.M. Signs, Inc. v. Kirn Signs, Inc.
, 231 Ill. App. 3d 339, 341, 596 N.E.2d 212 (1992).  In examining whether the trial court had personal jurisdiction over a defendant, conflicts between the parties' affidavits will be resolved in favor of the plaintiff for purposes of determining whether a 
prima
 
facie
 case for 
in
 
personam
 jurisdiction has been made.  
International Business Machines Corp. v. Martin Property & Casualty Insurance Agency, Inc.
, 281 Ill. App. 3d 854, 858, 666 N.E.2d 866 (1996).  

We note that 
TCA International, Inc. v. B&B Custom Auto, Inc.
, 299 Ill. App. 3d 522, 701 N.E.2d 105 (1998), held that if a plaintiff has made a 
prima
 
facie
 case for 
in
 
personam
 jurisdiction over a defendant, a court of review must then determine whether the defendant's affidavits present grounds for finding that personal jurisdiction does not exist.  
TCA
, 299 Ill. App. 3d at 532-33.  If a defendant's affidavits present grounds that would preclude a finding of personal jurisdiction, then this court must remand the case to the circuit court for an evidentiary hearing.  
TCA
, 299 Ill. App. 3d at 532; 
Ruprecht Company v. Sysco Food Services of Seattle, Inc.
, No.          .
  Plaintiff relies on 
TCA
 in urging us to remand this cause for an evidentiary hearing if we find that defendant's affidavits presented grounds which would preclude a finding of personal jurisdiction.  As we find that defendant's affidavits did not present such grounds, no evidentiary hearing on this issue is needed.

 A two-step analysis is applied to determine whether the court acquires personal jurisdiction pursuant to the long-arm statute.  
R. W. Sawant & Co. v. Allied Programs Corp.
, 111 Ill. 2d 304, 311, 489 N.E.2d 1360 (1986).  The first step is to determine if jurisdiction is proper under the specific language used by section 2-209.  If the answer is no, the inquiry ends; but if jurisdiction is found to be proper under the statute, then we reach the second step and determine whether the exercise of jurisdiction comports with due process of law.  
IBM
, 281 Ill. App. 3d at 858. 

Plaintiff argues that personal jurisdiction over defendant is predicated upon section 2-209(a) of the Illinois long-arm statute, and asserts that defendant committed three of the acts enumerated therein, any one of which would provide a basis to find personal jurisdiction.  Section 2-209(a) provides in pertinent part:

"(a) Any person, whether or not a citizen or

resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this State;

(2) The commission of a tortious act within this State;

***

(7) The making or performance of any

contract or promise substantially connected with this State."  735 ILCS 5/2-209(a) (West 1996).

Where jurisdiction is predicated upon subsection (a), only causes of action arising from the enumerated acts may be asserted against a nonresident defendant.  735 ILCS 5/2-209(f) (West 1996).  

Plaintiff asserts that the exercise of personal jurisdiction over defendant is proper because the joint venture agreement was "[t]he making or performance of a contract or promise substantially connected with this State."  735 ILCS 5/2-209(a)(7) (West 1996).  We should point out that defendant's appellate brief does not address section 2-209(a)(7).  In fact, defendant concedes that a contract was entered into between the parties.  Defendant initiated telephone calls with plaintiff in order to negotiate the joint venture agreement.  Defendant also mailed plaintiff bank documents from California which plaintiff relied on in sending $100,000 to defendant.  Based on these allegations, we hold that plaintiff has made a 
prima
 
facie
 case that defendant entered into a contract substantially connected with Illinois and therefore personal jurisdiction is established under section 2-209(a)(7).

Plaintiff next argues that jurisdiction over defendant is proper because defendant committed fraud, a tortious act within the state pursuant to section 2-209(a)(2).  735 ILCS 5/2-209(a)(2) (West 1996).  Defendant argues that if any fraud was committed, it took place in California and therefore section 2-209(a)(2) does not apply.  In determining whether a tortious act has been committed, our focus "is not on the ultimate question of whether the defendant's acts or omissions were tortious but, rather, on whether the plaintiff has alleged that the defendant 'is the author of the acts or omissions within the State.' "  
IBM
, 281 Ill. App. 3d at 859, quoting 
Nelson v. Miller
, 11 Ill. 2d 378, 393, 143 N.E.2d 673 (1957).  In 
IBM
, the court held that the jurisdictional requirement is satisfied if the defendant performs an act or omission that causes an injury in Illinois and the plaintiff alleges the act was tortious in nature.  
IBM
, 281 Ill. App. 3d at 89, citing 3 R. Michael, Illinois Practice §6.5 (1989).  

Upon review of plaintiff's allegations, we hold that personal jurisdiction has been established under section 2-209(a)(2).  Plaintiff alleged that defendant solicited and obtained money from plaintiff in a scheme designed to defraud her.  Defendant made telephone calls to plaintiff in Illinois, mailed bank documents to plaintiff in Illinois, the money was sent from Illinois, and the injury suffered by plaintiff occurred in Illinois.  Such allegations are sufficient to satisfy the jurisdictional requirements of section 2-209(a)(2). 

Although we have established that the requirements for personal jurisdiction have been met under sections 2-209(a)(2) and (7), we also examine whether personal jurisdiction is proper under section 2-209(a)(1).  Plaintiff asserts that defendant's use of the mail system and telephone in negotiating the joint venture agreement was a continuous and deliberate transaction of business within Illinois.  In response, defendant maintains that the parties' close friendship precludes a finding that defendant's actions constituted the transaction of business.

The transaction of business within the meaning of section 2-

209(a)(1) means business in a commercial aspect.  
Carlson v. Carlson
, 147 Ill. App. 3d, 610, 613, 498 N.E.2d 708 (1986).  However, "'[t]he focus of our inquiry is not upon the amount of commercial activity occurring between the parties outside of Illinois, but rather, it is upon the defendant's activities within this State and whether those activities are sufficient to subject it to the 
in
 
personam
 jurisdiction of the Illinois courts.'"  
D.S. America (East), Inc. v. Elmendorf Grafica, Inc.
, 274 Ill. App. 3d 643, 650, 654 N.E.2d 472 (1995), quoting 
E.A. Cox Co. v. Road Savers International Corp.
, 271 Ill. App. 3d 144, 150, 648 N.E.2d 271 (1995).  A plaintiff's claim must be one that lies in the wake of commercial activities by which the defendant submitted to the jurisdiction of Illinois courts.  
Arthur Young & Co. v. Bremer
, 197 Ill. App. 3d 30, 36, 554 N.E.2d 671 (1990).

The parties have not cited nor has our research revealed any breach of contract cases in Illinois in which the parties had maintained a close personal relationship prior to suit.  However, an instructive case outlining the law in Illinois regarding whether personal jurisdiction over a defendant may be exercised based on telephone and mail communication is 
Swissland Packing Co. v. Cox
, 255 Ill. App. 3d 942, 627 N.E.2d 686 (1994).  The plaintiff, Swissland, was an Illinois corporation engaged in the business of processing veal calves.  The defendant, Cox, was a veal producer who resided in Missouri.  Swissland filed a breach of contract action against Cox and claimed that Cox breached an agreement to sell veal calves to Swissland in accordance with certain agreed- upon specifications.  Cox filed a special and limited appearance and a motion to quash service of process which the trial court granted.  

On appeal, Swissland contended that Cox performed acts sufficient to justify subjecting her to the jurisdiction of Illinois courts under the long-arm statute of the Illinois Code of Civil Procedure (735 ILCS 5/2-209 (West 1992)).  Specifically, Swissland argued that Cox transacted business in Illinois by entering a contract to be performed in the state.  This court held, 
inter
 
alia
, that Cox's conduct of negotiating the contract with Swissland by telephone and mailing the contract to Swissland in Illinois and then Swissland returning the signed contract to Cox in Missouri was sufficient to submit Cox to the jurisdiction of the Illinois courts.  
Swissland
, 255 Ill. App. 3d at 944. 

Similarly, in the instant case, we hold that defendant's telephone and mail communications to negotiate and execute the joint venture agreement with plaintiff satisfied the long-arm statute.  In so doing, we must conduct an examination of who initiated the transaction, where the transaction was entered into, and where the performance of the contract took place.  While none of these factors are determinative, each has been held to be significant.  
Gordon v. Tow
, 148 Ill. App. 3d 275, 281, 498 N.E.2d 718 (1986).   An examination of the record reveals that although defendant alleged that plaintiff initiated most of the telephone calls, plaintiff claimed that defendant initiated the conversations about the joint venture and telephoned her at least 20 times from April 1997 to October 1997 to discuss the agreement.  Once plaintiff agreed to the joint venture, she signed bank documents defendant mailed to her, sent defendant $65,000 and then wired another $35,000 to the California bank where they allegedly held a joint account.  Defendant's conduct, which included inducing plaintiff to pay defendant $100,000 towards a real estate purchase that never materialized, was sufficient commercial activity to constitute the transaction of business within the state and to confer personal jurisdiction.      

We next examine whether the exercise of jurisdiction comports with the principles of due process.  Under federal due process requirements, a nonresident defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " 
International Shoe Co. v. Washington
, 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158 (1945), quoting 
Millikin v. Meyer
, 311 U.S. 457, 463, 85 L. Ed. 278, 283, 61 S. Ct. 339, 343 (1940).  Three criteria are considered in determining whether the federal due process standard has been satisfied: (1) whether the nonresident defendant had "minimum contact" with the forum state such that there was "fair warning" that the nonresident defendant may be hailed into a forum court; (2) whether the action arose out of or related to the defendant's contacts with the forum state; and (3) whether it is reasonable to require the defendant to litigate in the forum state.  
Ores v. Kennedy
, 218 Ill. App. 3d 866, 872, 578 N.E.2d 1139 (1991); 
Autotech Controls Corp. v. K.J. Electric Corp.
, 256 Ill. App. 3d 721, 725, 628 N.E.2d 990 (1993), citing 
Burger King Corp. v. Rudzewicz
, 471 U.S. 462, 471-77, 85 L. Ed. 2d 528, 540-44, 105 S. Ct. 2174, 2181-84 (1985).     

The above criteria have been satisfied in this case.  The requirements of "minimum contacts" and "fair warning" are satisfied if defendant has "purposefully directed" his activities at Illinois residents, reached out beyond one state to create continuing relationships with citizens of another state or purposefully derived benefits from his interstate activities.  
Hoekstra v. Bose
, 302 Ill. App. 3d 704, 708, 707 N.E.2d 185 (1998).  Defendant concedes that she could have enforced the contract with plaintiff by bringing suit in Illinois.  However, defendant argues that this does not mean that plaintiff could do the same because of the disparate burden such a suit would impose on defendant.  While a suit in Illinois unquestionably imposes a greater burden upon defendant than plaintiff, the fact that defendant could bring such a suit in Illinois shows that defendant had fair warning that she could be hailed into an Illinois court and the action arose out of defendant's contacts with Illinois.  It is not unfair to submit defendant to the jurisdiction of an Illinois court where defendant initiated contact with plaintiff about the joint venture and frequently used the telephone and mail system to carry out the completion of the contract between the two parties.  Defendant's actions establish that she purposefully directed her actions to plaintiff, an Illinois resident.

In examining whether the contract arose out of contacts with Illinois, we hold defendant's alleged misappropriation of the $100,000 plaintiff gave to defendant under the assumption that these funds would go towards the purchase of real estate in California arose from defendant's contacts with plaintiff in Illinois, which occurred on a continuing basis.  Although defendant did not travel to Illinois, her 
telephone and mail communications with plaintiff were sufficient contacts.  

Finally, we hold that it is reasonable to require defendant to litigate in Illinois.  "When the defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws' the defendant is properly subject to personal jurisdiction in the forum State."  
Swissland
, 255 Ill. App. 3d at 944, quoting 
Hanson v. Denckla
, 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 1298, 78 S. Ct. 1228, 1240 (1958).  Because defendant has purposefully directed her activities at an Illinois resident, she must present a compelling case that jurisdiction is unreasonable.  See 
Ores
, 218 Ill. App. 3d at 876.  "In general, these cases are limited to the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum."  
Coolsavings.com, Inc., v. IQ. Commerce Corp.
, 53 F. Supp. 2d 1000, 1005 (N.D. Ill. 1999) (citing 
Burger King
, 471 U.S. at 477, 85 L. Ed. 2d at 544, 105 S. Ct. at 2184.  Defendant has failed to present such a case.  Defendant has indulged in the benefits of doing business in Illinois with an Illinois resident and should be required to defend the lawsuit that has resulted from such joint venture, regardless of their personal friendship.  

Accordingly, the judgment of the circuit court quashing service of summons and dismissing plaintiff's complaint for lack of jurisdiction is reversed and the cause is remanded for further proceedings consistent with this opinion. 

Reversed and remanded.

THEIS, P.J., and GREIMAN, J., concur.