Diane RAINS, Plaintiff,

v.

PPG INDUSTRIES, INC., Vulcan Materials Company, the Dow Chemical Company, Imperialchemicals Industries, PLC, Ashland, Inc., Ashland Distribution Co., Ashland Speciality Chemicalcompany, and Charles Levy, Defendants.

No. 03–CV–0564–MJR.

United States District Court, S.D. Illinois.

Dec. 23, 2004.

Del A. Goldenhersh, Goldenhersh & Goldenhersh, Belleville, IL, for Plaintiff.

Carol A. Rutter, Husch & Eppenberger, Dan H. Ball, Daniel J. Carpenter, Randy J. Soriano, Bryan Cave, St. Louis, MO, Michael L. Zaleski, Quarles & Brady LLP, Madison, WI, Heather L. Kramer, Lise T. Spacapan, Jenner & Block, LLC, Larry J. Chilton, Daniel A. Popko, Chilton, Yambert et al., Chicago, IL, for Defendants.

### MEMORANDUM and ORDER

REAGAN, District Judge.

On or after May 24, 2001, Diane Rains was diagnosed with Multiple Sclerosis (MS). She filed suit in the Circuit Court of St. Clair County, Illinois on May 16, 2003. Rains' complaint contains strict products liability claims, alleging her MS was proximately caused by exposure to an organic dry cleaning solvent called Perchloroethylene (PCE) used while she served as a dry cleaning attendant be-

tween 1963 and 1979 at Helpee Selfee Laundromat and Dry Cleaners in East St. Louis, Illinois. On September 2, 2003, Dow Chemical removed the action to this United States District Court, invoking this Court's subject matter jurisdiction under the federal diversity statute, 28 U.S.C. § 1332.

Rains named eight Defendants: (1) PPG Industries, Inc., who sold and supplied PCE to Helpee Selfee Laundromat and Dry Cleaners' distributor, (2) Vulcan Materials Company, who manufactured PCE and sold and supplied PCE to Helpee Selfee Laundromat and Dry Cleaners' distributor, (3) The Dow Chemical Company, who manufactured PCE and sold and supplied it to Helpee Selfee Laundromat and Dry Cleaners' distributor, (4) Imperial Chemicals Industries, PLC, who manufactured PCE and sold and supplied it to Helpee Selfee Laundromat and Dry Cleaners' distributor, (5) Ashland, Inc., who manufactured and sold PCE and/or distributed PCE to Helpee Selfee Laundromat and Dry Cleaners, (6) Ashland Distribution Company, who manufactured and sold PCE and/or distributed PCE to Helpee Selfee Laundromat and Dry Cleaners, (7) Ashland Specialty Chemical Company, who manufactured and sold PCE and/or distributed PCE to Helpee Selfee Laundromat and Dry Cleaners, and (8) Charles Levy, as agent and employee of Ashland, who sold and distributed PCE to Helpee Selfee Laundromat and Dry Cleaners.[1]

Now before the Court is Defendant Imperial Chemicals Industries, PLC (Imperial)'s "Motion to Dismiss for Lack of Personal Jurisdiction and Memorandum In Support" (Doc. 52). Rains responded in opposition at Doc. 53, to which Imperial replied at Doc. 68. This matter being fully briefed, the Court finds as follows.

*Factual Background*

Imperial is a manufacturing and holding company formed in 1926 and organized under the laws of England and Wales. It is not registered to do business in Illinois and in an affidavit from its deputy general counsel, states that it does not now and has never formulated, manufactured, inspected, supplied, tested, promoted, distributed or delivered PCE in Illinois. *See* Doc. 53, Exh. A. Imperial also states in its affidavit that it does not have a: (1) office, (2) manufacturing plant, (3) registered agent for service of process, (4) bank account, (5) post office box, or (6) telephone listing in Illinois. *Id.* Additionally, Imperial affirms in its affidavit that it does not engage in sales or service activities in Illinois, and is not a member of any partnership registered in Illinois. *Id.*

Rains argues that Imperial can be subjected to this Court's personal jurisdiction as: (1) Imperial transacts business within Illinois pursuant to 735 ILCS 5/2–209(a)(1), (2) Imperial via its subsidiaries does business within Illinois pursuant to 735 ILCS 5/2–209(b)(4), (3) Imperial via one of its subsidiaries committed a tort within Illinois pursuant to 735 ILCS 5/2–209(a)(2), and (4) Imperial made a general appearance in this matter. Imperial disputes all of Rains' personal jurisdiction arguments.

*Analysis*

■ A federal district court in Illinois has personal jurisdiction over a non-resident defendant in a diversity action only if an Illinois court would have such jurisdiction. *Michael J. Neuman & Assoc. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724 (7th Cir.1994); *FMC Corp. v. Varanos*, 892

---

**1.** The Court dismissed with prejudice all claims against Levy in its January 29, 2004 Order (Doc. 30) for Rains' failure to state a claim against him.

F.2d 1308, 1310 (7th Cir.1990). The plaintiff bears the burden of providing sufficient facts to establish a prima facie case that personal jurisdiction exists. *Neuman*, 15 F.3d at 724. However, the plaintiff's prima facie case may be overcome by uncontradicted evidence which defeats jurisdiction. *Alderson v. Southern Co.*, 747 321 Ill.App.3d 832, 846, 254 Ill.Dec. 514, 747 N.E.2d 926 (2001). While the Court resolves factual disputes in the pleadings and affidavits in favor of the plaintiff, it takes as true facts contained in the defendant's affidavit which remain unrefuted by the plaintiff. *Nelson v. Park Industries, Inc.*, 717 F.2d 1120, 1123 (7th Cir.1983).

Under the Illinois long-arm statute, an Illinois court may exercise personal jurisdiction over a defendant if: (1) the defendant submits to the jurisdiction of the Illinois courts by doing any of the acts enumerated in section 2–209(a), (2) the defendant is a natural person or corporation that is doing business in Illinois, or (3) on any other basis permitted by the Illinois Constitution and the Constitution of the United States. 735 ILCS 5/2–209(a); 735 ILCS 5/2–209(b)(4); 735 ILCS 5/2–209(c). Rains' arguments for jurisdiction are based on section 2–209(a)(1) and (2) of the long arm statute, section 2–209(b)(4)'s doing business standard, and the argument that Imperial made a general appearance in this matter. The Court will turn to the arguments based on the long arm statute first.

■ Illinois' long arm statute involves specific jurisdiction. Specific jurisdiction applies when the court is asserting jurisdiction over a defendant in a suit "arising out of or related to the defendant's contacts with the forum." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir.1997). This Court may exercise specific jurisdiction over Imperial if it "purposefully established minimum contacts within

the forum state" and those contacts "make personal jurisdiction fair and reasonable under the circumstances." *Id.*

To establish that Imperial has the requisite minimum contacts with Illinois, Rains states she relies on two enumerated acts giving rise to jurisdiction under section 2–209(a): (1) transaction of any business within this state, and (2) the commission of a tortious act within Illinois. 735 ILCS 5/2–209(a)(1) and (a)(2).

■ In her response to Imperial's motion to dismiss, Rains first argument is titled: "There is jurisdiction over the person of the defendant IPI PLC [Imperial] because of under S.H.A. 735 ILCS 5/2–209(a)(1) [T]he transaction of any business within this State." However, that section argues that Imperial has requisite minimum contacts with Illinois through its subsidiary companies that have been conducting business continuously and systematically in Illinois. This argument addresses the "doing business" standard of Section 2–209(b)(4) rather than the transaction of business standard of Section 2–209(a)(1). However, as Rains does cite to the statute, the Court will address both the transaction of business and the doing business standards.

■ Where jurisdiction is predicated upon section 2–209(a), only causes of action arising from the enumerated acts may be asserted against a nonresident defendant. A plaintiff's claim must be one that lies in the wake of commercial activities by which the defendant submitted to the jurisdiction of Illinois. *Kalata v. Healy*, 312 Ill.App.3d 761, 765, 245 Ill.Dec. 566, 728 N.E.2d 648 (2000). In the case at bar, Rains alleges the transaction that brings Imperial within this Court's jurisdiction pursuant to section 2–209(a) is Imperial's alleged supply of PCE to Co–Defendant Ashland. However, Imperial has submitted an affidavit

to the Court that Imperial has never distributed or delivered PCE to anyone in Illinois. Doc. 53, Ex. A. As Rains has not submitted any factual evidence to refute Imperial's affidavit, the Court has to take as true those facts contained in Imperial's affidavit. *See Nelson v. Park Industries, Inc.,* 717 F.2d 1120, 1123 (7th Cir.1983). Accordingly, the Court finds that Imperial has not "transacted business" in Illinois so as to be subjected to this Court's personal jurisdiction under section 2–209(a).

■ Turning to Rains' arguments that Imperial is subject to this Court's personal jurisdiction based on the "doing business" standard of section 2–209(b)(4) via its subsidiaries, the Court disagrees. The "doing business" standard is quite high—the defendant must carry on business activity within the State "not occasionally or causally, but with a fair measure of permanence and continuity." *Alderson,* 321 Ill. App.3d at 849, 254 Ill.Dec. 514, 747 N.E.2d 926.

In support of her position, Rains relies solely on *Maunder v. DeHavilland Aircraft of Canada,* 102 Ill.2d 342, 80 Ill.Dec. 765, 466 N.E.2d 217 (1984). In *Maunder,* the plaintiffs contended the court had jurisdiction because the defendant's contacts with Illinois constituted "doing business" in Illinois as the defendant established a wholly owned subsidiary to provide product support for the users of its products. *Id.* at 220. The *Maunder* court agreed with the plaintiffs finding that the defendant was subject to personal jurisdiction of the Illinois court as its subsidiary had been operating in Illinois for 13 years and was an essential component of the defendant's business activities in Illinois; the subsidiary's sole business was the sale of parts for defendant's aircrafts. *Id.* at 221. The defendant owned all of the subsidiary's stock, paid all of the subsidiary's directors salaries, guaranteed the subsidiary's lease

of an office in Illinois, and the subsidiary on average made eight calls a day to the defendant's office. *Id.* at 220.

However, the Illinois Court of Appeals for the First District in discussing *Maunder,* clarified when an Illinois court may assert personal jurisdiction over a parent corporation based on the activities of its subsidiary:

> The theory underlying *Maunder* is that, if a subsidiary corporation is acting as the parent corporation's Illinois agent in the sense of conducting the parent's business rather than its own, then it is appropriate to assert jurisdiction over the parent. Parents of wholly-owned subsidiaries necessarily control, direct, and supervise subsidiaries to some extent. If, however, the subsidiary is conducting its own business, then an Illinois court may not assert *in personam* jurisdiction over the parent simply because it is the parent.

*Alderson v. Southern Co.,* 321 Ill.App.3d 832, 254 Ill.Dec. 514, 747 N.E.2d 926, 945 (2001), *citing IDS Life Insurance Co. v. SunAmerica Life Insurance Co.,* 136 F.3d 537, 540–41 (7th Cir.1998). Therefore, this Court needs to inquire into whether Imperial is doing business in Illinois *through* its subsidiary.

In support of her argument that Imperial does business in Illinois *through* its subsidiaries, Rains submits printouts from Imperial's website showing that Imperial is comprised of the international businesses of four companies which includes National Starch and Chemical Company (NSCC), Quest International Fragrances Company (QIFC), and Uniqema. *See* Doc. 53, Attached Exhibits.. Rains also submits printouts from Imperial's website showing that NSCC has four offices in Illinois, QIFC has three offices in Illinois, and Uniqema has one office in Illinois. Further, Rains submits copies from Impe-

rial's website's worldwide site directory showing that the Foundation and Specialty Starch Seed Department (FSSSD) is located in Illinois. However, it is unclear what connection FSSSD has to Imperial.

Rains' submissions to the Court establish, at most, that companies affiliated with Imperial do business in Illinois. Yet this is not enough for Rains to make a prima facie case for personal jurisdiction. As the Court has stated, for this Court to have personal jurisdiction over Imperial via its subsidiaries under the doing business standard, Rains needs to show that Imperial is doing business in Illinois through its subsidiaries and somehow controls or directs the subsidiaries. The evidence submitted by Rains does not establish this requirement, nor does anything in the record before the Court. Accordingly, the Court finds that Imperial is not "doing business" in Illinois so as to be subject to this Court's personal jurisdiction pursuant to section 2–209(b)(4).

■ Next, the Court turns to Rains' argument that Imperial is subject to this Court's personal jurisdiction as it allegedly committed a tort within this state pursuant to section 2–209(a)(2). Rains alleges that Imperial acquired the Stauffer Chemical Company (Stauffer) at the time when Stauffer distributed PCE to Ashland. In support of this argument, Rains submits parts of the deposition of former Co–Defendant Charles M. Levy. *See* Doc. 53, Attached Exhibits. In his deposition, Levy states that he distributed PCE manufactured by Stauffer. *Id.* However, in response to the question that "[t]here has been some suggestion that (Stauffer) was bought out by a company called (Imperial), had you heard anything about that or were you aware of that at all?", Levy responded that he had "not until this came up." *Id.* The Court does not find the submitted deposition testimony as convincing evidence that Stauffer is connected to Imperial.

In response, Imperial argues that it is not the corporate successor of Stauffer and attaches an order from the Superior Court for the State of Delaware summarizing the corporate history of Stauffer. *See Nat'l Union Fire Ins. Co. of Pittsburgh v. Stauffer Chem. Co.,* 1991 WL 138431 (Del.Super July 15, 1991). That order states that on July 22, 1987, Stauffer was purchased by Atkemix One, Inc., a subsidiary of ICI American Holdings Inc. There is nothing in the record before the Court showing how or if ICI American Holdings Inc. is related to Imperial. Consequently, the Court finds that there is no evidence in the record before it to conclude that Imperial is the corporate successor of Stauffer and as Rains had ample time to conduct and request discovery regarding the relationship between Stauffer and Imperial, the Court is not inclined to extend the discovery deadline.

Alternatively, the Court is not persuaded that even if there was a relationship between ICI American Holdings Inc. and Imperial that Imperial could be subjected to this Court's personal jurisdiction as a result of the actions of Stauffer. Rains cites no authority for the proposition that the torts committed by a subsidiary can result in the parent being subjected to personal jurisdiction pursuant to 2–209(a)(2). To the contrary, the United States Court of Appeals for the Seventh Circuit, when interpreting Illinois law, stated that "[p]arents of wholly owned subsidiaries necessarily control, direct, and supervise the subsidiaries to some extent, but unless there is a basis for piercing the corporate veil and thus attributing the subsidiaries' torts to the parent, the parent is not liable for those torts, and cannot be served under the tort provision of the long-arm statute." *IDS Life Insurance*

*Co. v. SunAmerica Life Insurance Co.*, 136 F.3d 537, 540 (7th Cir.1998), *citing Hystro Products, Inc. v. MNP Corp.*, 18 F.3d 1384, 1388–92 (7th Cir.1994). As Rains has submitted no evidence to support finding that Stauffer is even a subsidiary of Imperial let alone that Imperial so controls Stauffer that the corporate veil should be pierced, the Court finds that Imperial is not subject to this Court's personal jurisdiction pursuant to section 2–209(a)(2).

■ Finally, Rains argues that this Court has personal jurisdiction over Imperial as it entered a general appearance in this matter and, consequently, waived any objection to personal jurisdiction. Rains argues that Imperial made a general appearance by drafting a letter to Rains' counsel and participating in the deposition of former Co–Defendant Charles M. Levy. *See* Doc. 53, Attached Exhibits. The Court finds this argument with merit.

FEDERAL RULE OF CIVIL PROCEDURE 12(h)(1) provides that "[a] defense of lack of personal jurisdiction over the person ... is waived ... if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course." Imperial did raise this defense by filing this motion to dismiss and therefore the waiver provided for in Rule 12(h) did not occur. *See Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1296–96 (7th Cir.1993).

Additionally, Imperial has not delayed in urging jurisdictional defects and not so fully participated in litigation of the merits of this matter to constitute an alternative waiver. *See Trustees of Central Laborers' Welfare Fund v. Lowery*, 924 F.2d 731, 732 (7th Cir.1991)(stating that the defense of lack of personal jurisdiction "may be waived by 'formal submission in a cause, or by submission through conduct.") Imperial took part in the deposition of Charles M.

Levy after filing their motion to dismiss for lack of personal jurisdiction and as a means to clarify Levy's information, if any, as to how Imperial may be subject to this Court's jurisdiction. *Cf. IDS Life Insurance Co. v. SunAmerica Life Insurance Co.*, 136 F.3d 537 (7th Cir.1998); *see also Ahart v. Young*, 194 Ill.App.3d 461, 141 Ill.Dec. 498, 551 N.E.2d 685, 688 (1990)(stating that for a party to make a general appearance, the party must take some affirmative action in seeking relief from the court, which is not for the purpose of objecting to personal jurisdiction or done via a special appearance.) Consequently, the Court finds that Imperial has not made a general appearance in this matter subjecting it to this Court's personal jurisdiction.

### Conclusion

The Court hereby **GRANTS** Defendant Imperial Chemicals Industries, PLC's "Motion to Dismiss for Lack of Personal Jurisdiction and Memorandum In Support" (Doc. 52). Defendant Imperial Chemicals Industries, PLC is **DISMISSED** *without prejudice* from this matter.

**IT IS SO ORDERED.**